1  HARVEY SISKIND LLP
   D. PETER HARVEY (SBN 55712)
2  Email: pharvey@harveysiskind.com
   RAFFI V. ZEROUNIAN (SBN 236388)
3  Email: rzerounian@harveysiskind.com
4  4 Embarcadero Center, 39th Floor
   San Francisco, CA 94111
5  Telephone: (415) 354-0100
   Facsimile: (415) 391-7124
6
7  G. KIP EDWARDS (SBN 50446)
   Email: kedwards@ltol.com
8  Mailing address:
   P.O. Box 1979
9  Kings Beach, CA 96143
   Delivery address:
10 1132 Regency Way
   Tahoe Vista, CA 96148
11 Telephone: (530) 546-5892
   Facsimile: (530) 546-5893
12

13 Attorneys for Plaintiff
   E. & J. Gallo Winery
14

15          IN THE UNITED STATES DISTRICT COURT

16       FOR THE NORTHERN DISTRICT OF CALIFORNIA

17              SAN FRANCISCO DIVISION

18 E. & J. GALLO WINERY, a California        Case No.
   corporation,
19                                           COMPLAINT FOR
20              Plaintiff,                    FEDERAL TRADEMARK
                                             INFRINGEMENT AND DILUTION,
21      v.                                   VIOLATION OF CALIFORNIA
                                             CELEBRITY IMAGE PROTECTION ACT,
22 MIRA ENTERPRISES, INC., a California      CALIFORNIA TRADEMARK
   corporation                              INFRINGEMENT AND DILUTION,
23                                           CALIFORNIA UNFAIR COMPETITON
                                             AND COMMON LAW UNJUST
24              Defendant.                    ENRICHMENT
25

26

27

28
                              -1-
                           COMPLAINT

1    Plaintiff E. & J. Gallo Winery ("Gallo") for its complaint against defendant Mira Enterprises,

2  Inc. alleges:

3  **JURISDICTION**

4    1.    This is an action seeking damages and injunctive relief for federal trademark

5  infringement under 15 U.S.C. §§ 1051 *et seq.*, federal trademark dilution under 15 U.S.C. § 1125(c),

6  violation of the California Celebrity Image Protection Act, California Civil Code § 3344.1, state

7  trademark infringement under California Business and Professions Code §§ 14200 *et seq.*, state

8  trademark dilution under California Business and Professions Code § 14330, unfair competition

9  under California Business and Professions Code §§ 17200 *et seq.*, and common law unjust

10  enrichment.

11    2.    This Court has subject matter jurisdiction over the federal claims pursuant to 28

12  U.S.C. §§1331, 1338(a) and 15 U.S.C. §1121 because this matter arises under the Lanham Act, 15

13  U.S.C. § 1051, *et seq.*  The Court has supplemental jurisdiction over Gallo's state law claims under

14  28 U.S.C. §§ 1338(b) and 1367(a).

15  **VENUE**

16    3.    Venue properly lies within the Northern District of California pursuant to 28 U.S.C.

17  §1391(b).

18  **INTRADISTRICT ASSIGNMENT**

19    4.    Assignment of this case to this division is proper under Civil Local Rule 3-2(c).

20  **PARTIES**

21    5.    Gallo is a California corporation with its principal place of business in Modesto,

22  California.

23    6.    On information and belief, Defendant Mira Enterprises, Inc. is a California

24  corporation with its principal place of business in Los Angeles, California.

25  **CLAIM ONE**

26  **(Federal Trademark Infringement)**

27    7.    Gallo incorporates by reference the allegations of paragraphs 1 through 6.

28
-2-
COMPLAINT

8.    Gallo owns all rights in and to, among others, the federal trademark registrations listed below, each of which is valid and subsisting, uncancelled, unrevoked and incontestable:

| Trademark | Reg. No | Issue Date | Goods |
|---|---|---|---|
| CARLO ROSSI | 1,813,968 | 12-28-93 | Wines |
| CARLO ROSSI | 1,904,572 | 7-11-95 | Wines |

9.    Defendant has obtained a federal trademark registration No. 3,142,535, issued on September 12, 2006, for the word mark CARLO ROSSI for watches.

10.    Defendant has used the trademark CARLO ROSSI without authorization from Gallo in the promotion and sales of goods not produced or authorized by Gallo.  On information and belief, these goods include, but are not limited to, watches, necklaces, earrings, pens, bracelets, knives, manicure sets, handbags, wallets and sunglasses.  Such unauthorized uses of the CARLO ROSSI mark by defendant create a likelihood of confusion with Gallo's CARLO ROSSI marks and products and constitute an infringement of Gallo's trademark rights under 15 U.S.C. §§ 1114 *et seq.*

11.    Defendant has used, and is continuing to use, the CARLO ROSSI mark with full knowledge of Gallo's trademark rights, and its infringement is willful and deliberate.

12.    Defendant's trademark infringement alleged herein has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable injury to Gallo for which Gallo is without an adequate remedy at law.

### CLAIM TWO

### (Federal Trademark Dilution)

13.    Gallo incorporates by reference the allegations of paragraphs 1 through 12.

14.    The CARLO ROSSI trademark is famous and distinctive and/or has acquired distinctiveness and is widely recognized by the general consuming public of the United States in connection with wines.

15.     Defendant's use of a CARLO ROSSI trademark began after Gallo's CARLO ROSSI trademark became famous.  Defendant's use of a CARLO ROSSI trademark is likely to dilute the distinctive quality of the famous CARLO ROSSI mark in violation of 15 U.S.C. § 1125(c).

16.     Defendant's acts alleged herein have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable injury to Gallo for which Gallo is without an adequate remedy at law.

**CLAIM THREE**

**(Violation of California Celebrity Image Protection Act)**

17.     Gallo incorporates by reference the allegations of paragraphs 1 through 16.

18.     Charles "Carlo" Rossi died in 1994.  While his given name at birth was "Charles," he was known throughout his adult life as "Carlo."

19.     During his lifetime, Carlo Rossi's name and likeness were featured on wine labels for wines produced by Gallo.  This use of the name "Carlo Rossi" and Mr. Rossi's likeness was pursuant to an agreement between Mr. Rossi and Gallo. Gallo is the successor-in-interest to all rights pertaining to the name "Carlo Rossi" and his likeness.  Gallo has filed a Registration of Claim as Successor-in-Interest with the California Secretary of State as provided for in California Civil Code Section 3344.1(f).

20.     During his life, the name "Carlo Rossi" and Mr. Rossi were also featured prominently in television commercials, advertising collateral and point-of-sale materials, among other uses. As a result, upon his death Carlo Rossi became a "deceased personality" as that term is used in California Civil Code Section 3344.1.

21.     Defendant's use of the name "Carlo Rossi" on the goods described in paragraph 10 is without Gallo's consent.  Defendant's use of "Carlo Rossi" is for the purpose of, among other things, selling and soliciting sales of goods bearing the name "Carlo Rossi."

22.     Defendant's use of "Carlo Rossi" as alleged herein has violated and, unless restrained and enjoined by this Court, will continue to violate California Civil Code Section 3344.1.  Pursuant

1  to its agreement with Mr. Rossi, Gallo continues to use his name and image on its CARLO ROSSI

2  wines, website, and advertising.

3      23.    As a result of defendant's violations, Gallo is entitled to an award of statutory

4  damages and defendant's profits from its unauthorized use of "Carlo Rossi."

5      24.    Gallo is entitled to an award of its attorneys' fees and costs pursuant to California

6  Civil Code Section 3344.1(a).

7                              **CLAIM FOUR**

8                    **(California Trademark Infringement)**

9      25.    Gallo incorporates by reference the allegations of paragraphs 1 through 24.

10      26.    Gallo owns all rights in and to California trademark registration no. 098,686 for the

11  trademark CARLO ROSSI for wines, issued on February 15, 1994.

12      27.    Defendant's unauthorized use of the CARLO ROSSI trademark creates a likelihood of

13  confusion with Gallo's marks and products and constitutes an infringement of Gallo's trademark

14  rights under California Business and Professions Code Section 14200 *et seq.*

15      28.    Defendant's acts alleged herein have caused and, unless restrained and enjoined by

16  this Court, will continue to cause irreparable injury to Gallo for which Gallo is without an adequate

17  remedy at law.

18                              **CLAIM FIVE**

19                    **(California Trademark Dilution)**

20      29.    Gallo incorporates by reference the allegations of paragraphs 1 through 28.

21      30.    Defendant's use of a CARLO ROSSI trademark creates a likelihood of injury to the

22  business reputation and of dilution of the distinctive quality of Gallo's CARLO ROSSI mark in

23  violation of California Business and Professions Code Section 14330.

24      31.    Defendant's acts alleged herein have caused and, unless restrained and enjoined by

25  this Court, will continue to cause irreparable injury to Gallo for which Gallo has no adequate remedy

26  at law.

27

28

-5-

COMPLAINT

**CLAIM SIX**

**(California Unfair Competition)**

32.    Gallo incorporates by reference the allegations of paragraphs 1 through 31.

33.    Defendant's use of the CARLO ROSSI trademark constitutes unfair competition in violation of California Business and Professions Code Section 17200 *et seq.*

**CLAIM SEVEN**

**(Unjust Enrichment)**

34.    Gallo incorporates by reference the allegations of paragraphs 1 through 33.

35.    As a result of the conduct of defendant, it has been unjustly enriched at the expense of Gallo and the law thereby implies a contract by which defendant must pay to Gallo the amount by which, in equity and good conscience, defendant has been unjustly enriched at the expense of Gallo.

**PRAYER FOR RELIEF**

WHEREFORE, Gallo seeks judgment against defendant as follows:

1.    An injunction against defendant and all persons acting in concert therewith enjoining any further infringement of Gallo's CARLO ROSSI trademark in the United States;

2.    An injunction against defendant and all persons acting in concert therewith enjoining any further dilution of Gallo's CARLO ROSSI trademark in the United States;

3.    An injunction against defendant and all persons acting in concert therewith enjoining any further violations of California Civil Code Section 3344.1;

4.    An injunction against defendant and all persons acting in concert therewith enjoining any further acts of unfair competition in the United States;

5.    An award of statutory damages together with defendant's profits from the use of CARLO ROSSI in the United States;

6.    An award in the amount by which defendant has been unjustly enriched;

7.    An order compelling the Commissioner of Trademarks of the United States to cancel federal trademark registration No. 3,142,535, issued on September 12, 2006, to defendant for the word mark CARLO ROSSI for watches;

1    8.    An award of Gallo's reasonable attorneys' fees and costs; and

2    9.    Such other and further relief as the Court deems just and proper.

3

4  Dated:  May 11, 2007                Respectfully submitted,

5

6                       HARVEY SISKIND LLP
                         D. PETER HARVEY

7                       RAFFI V. ZEROUNIAN

8                       G. KIP EDWARDS

9                       By: _____
                             D. Peter Harvey

10

11                     Attorneys for Plaintiff
                       E. & J. GALLO WINERY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

1

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

2          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

3    parties, there is no such interest to report.

4

5    Dated:  May 11, 2007                              Respectfully submitted,

6                                                      HARVEY SISKIND LLP
                                                       D. PETER HARVEY
7                                                      RAFFI V. ZEROUNIAN

8                                                      G. KIP EDWARDS

9                                                      By:  _____

10                                                          D. Peter Harvey

11                                                     Attorneys for Plaintiff,
                                                       E. & J. GALLO WINERY
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

COMPLAINT