1  Surjit P. Soni        (State Bar No. 127419)
   Mark L. Sutton        (State Bar No. 120255)
2  THE SONI LAW FIRM
   55 South Lake Avenue, Suite 720
3  Pasadena, California  91101
   Telephone: (626) 683-7600
4  Facsimile: (626) 683-1199
   surj@sonilaw.com
5  mark@sonilaw.com

6  Attorneys for Defendant,
   Mira Enterprises, Inc.
7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  E. & J. GALLO WINERY, a          ) CASE NO. CV 07-2529 RS
    California corporation,          )
13                                   )
                                     )
14          Plaintiff,               )
                                     ) DEFENDANT'S MEMORANDUM IN SUPPORT
15      vs.                          ) OF ITS MOTION TO DISMISS OR
                                     ) TRANSFER FOR IMPROPER VENUE UNDER
16                                   ) F.R.Civ.P. 12(b)(3) AND 28 U.S.C.
    MIRA ENTERPRISES, INC., a        ) §1406(a), OR TO TRANSFER UNDER 28
17  California corporation,          ) U.S.C. §1404(a)
                                     )
18          Defendants.              ) Date: August 1, 2007
                                     ) Time: 9:30 a.m.
19                                   ) Place: Courtroom 4
                                     )
20  ─────────────────────────────   )

21

22

23

24

25

26

27                                        CV 07-2529 RS
                                          DEFENDANT'S MOTION TO DISMISS

**EXHIBIT**

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on August 1, 2007, at 9:30 a.m., or as soon thereafter as the matter may be heard in the above entitled court located at 450 Golden Gate Avenue, San Francisco 94102, in Courtroom 4, Defendant Mira Enterprises, Inc. ("Defendant") will and hereby does move this Court to dismiss or transfer this action to the U.S. District Court for the Central District of California, based on improper venue and for the convenience of the witnesses and the parties, as well as the interest of justice.  See F.R.Civ.P. 12(b)(3); 28 U.S.C. § 1406(a); 28 U.S.C. § 1391(b); and 28 U.S.C. § 1404(a).

This motion is based on this Notice of Motion and Motion, the Points and Authorities attached hereto, the Declarations of Sunil Lalwani and Tina Amirkhanyan and Exhibits A-D in support hereof, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: June 22, 2007                    Respectfully submitted,

                                        THE SONI LAW FIRM


                                        By: _____
                                           Surjit P. Soni
                                           Mark L. Sutton
                                           Attorneys for Defendant,
                                           Mira Enterprises, Inc.

# Table of Contents

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   THE NORTHERN DISTRICT OF CALIFORNIA IS AN IMPROPER VENUE FOR
      THIS ACTION . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.   Section 1391(b)(1) Is Not A Proper Basis For Venue
           Because Defendant Does Not "Reside" In The Northern
           District Of California . . . . . . . . . . . . . . . . 4

           1.   There Is No General Personal Jurisdiction Treating
                This District As A State . . . . . . . . . . . . 5

           2.   There Is No Specific Personal Jurisdiction
                Treating This District As A State . . . . . . . 7

                i.    First Factor - Forum Interjection . . . . . . . 9
                ii.   Second Factor - Defendants' Burdens . . . . . 10
                iii.  Third Factor - Sovereign Conflict . . . . . . 12
                iv.   Fourth Factor - This Forum's Interest . . . . 12
                v.    Fifth Factor - Efficiency . . . . . . . . . . 13
                vi.   Sixth Factor - Effective Relief . . . . . . . 14
                vii.  Seventh Factor - Available Alternative Forum . 14
                viii. Balancing The Factors . . . . . . . . . . . . 15

      B.   Section 1391(b)(2) Is Not A Proper Basis For Venue
           Because A "Substantial Part" Of Neither The "Events"
           Nor The "Property" Were Situated In This District . 15

      C.   Section 1391(b)(3) Is Not A Proper Basis For Venue
           Because It Is Only Applicable When No Other District
           Has Venue And Defendant Cannot Be "Found"
           In This District . . . . . . . . . . . . . . . . . . 16

      D.   This Court Has Discretion To Dismiss Or Transfer This
           Action Due To Improper Venue Under 28
           U.S.C. § 1406(a) . . . . . . . . . . . . . . . . . . 17

IV.   EVEN IF THE COURT DECIDES THAT THIS DISTRICT IS A PROPER
      VENUE, THIS COURT SHOULD TRANSFER THIS CASE TO THE CENTRAL
      DISTRICT OF CALIFORNIA UNDER § 1404(a) . . . . . . . . . 17

V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . 22

DEFENDANT'S MOTION TO DISMISS

# Table of Authorities

AT Industries v. U.S. District Court
    503 F.2d 384 (9th Cir. 1974) . . . . . . . . . . . . 19

AMF, Inc. v. Sleekcraft Boats
    599 F.2d 341, 204 U.S.P.Q. 808 (9th Cir. 1979) . . . . . 11

Bancroft & Masters, Inc. v. Augusta Nat'l Inc.
    223 F.3d 1082 (9th Cir. 2000)  . . . . . . . . . . . . 5

Bryant v. ITT Corp.
    48 F. Supp. 2d 829 (N.D. Ill. 1999) . . . . . . . . . 20

Carter v. Estate of Davis
    813 N.E.2d 1209, 1216 (Ind. App. 2004). . . . . . . . . . . . . . 15

Chrysler Capital Corp. v. Woehling
    663 F. Supp. 478 (D. Del. 1987) . . . . . . . . . . . 20

Dwyer v. General Motors Corp.
    853 F.Supp. 690(S.D.N.Y. 1994) . . . . . . . . . . . 21

e.g., Gregory v. Pocono Grow Fertilizer Corp.
    35 F. Supp. 2d 295 (W.D.N.Y. 1999) . . . . . . . . . 15

FS Photo, Inc. v. PictureVision, Inc.
    48 F. Supp. 2d 442 (D. Del. 1999) . . . . . . . . . . 16

Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements Ltd.
    328 F.3d 1122 (9th Cir. 2003)  . . . . . . . . . . . 9

Helicopteros Nacionales de Columbia, S.A. v. Hall
    466 U.S. 408, 104 S.Ct. 1818 (1984) . . . . . . . . . 6

Hernandez v. Graebel Van Lines
    761 F. Supp. 983 (E.D.N.Y. 1991) . . . . . . . . . . 20

Jones v. GNC Franchising, Inc.
    211 F.3d 495 (9th Cir. 2000) . . . . . . . . . . . . 18

Kasey v. Molybdenum Corp. of America
    408 F.2d 16 (9th Cir. 1969)  . . . . . . . . . . . . 21

Lamont v. Haig
    590 F.2d 1124 (D.C. Cir. 1978) . . . . . . . . . . . 16

Myers v. Bennett Law Offices
    238 F.3d 1068 (9th Cir. 2001)  . . . . . . . . . . . 16

New Images, Inc. v. Travelers Indemnity Co.
    536 F. Supp. 58 (E.D. Pa. 1981) . . . . . . . . . . . . 20

Palace Exploration Co. v. Petroleum Dvlp. Co.
    316 F.3d 1110 (10th Cir. 2003) . . . . . . . . . . . . 19

Pebble Beach Co. v. Caddy
    453 F.3d 1151 (9th Cir. 2006) . . . . . . . . . . . . 7

PRG-Schultz USA, Inc. v. Gottschalks, Inc.
    2005 WL 2649206 at *2-*3 (N.D. Cal. 2005) . . . . . . 19

Schwarzenegger v. Fred Martin Motor Co.
    374 F.3d 797 (9th Cir. 2004) . . . . . . . . . . . . . 6

## Statutes

15 U.S.C. § 1125(c) . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. § 1391(b) . . . . . . . . . . . . . . . . 1, 2, 3

28 U.S.C. § 1391(b)(1) . . . . . . . . . . . . . . . . . 15

28 U.S.C. § 1391(b)(3) . . . . . . . . . . . . . . . 4, 16

28 U.S.C. § 1391(c) . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1404(a) . . . . . . . . . . . . 1, 2, 17, 19, 22

28 U.S.C. § 1404(b) . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1406(a) . . . . . . . . . . . . . . 1, 2, 15, 17

F.R.Civ.P. 12(b)(3) . . . . . . . . . . . . . . . . . . 1, 2

F.R.Civ.P. 45(c)(3)(A)(ii) . . . . . . . . . . . . . . . 20

CV 07-2529 RS
DEFENDANT'S MOTION TO DISMISS

## Memorandum of Points and Authorities

Defendant Mira Enterprises, Inc. ("Defendant" or "Mira") hereby submits its motion to dismiss or transfer this action due to improper venue under F.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a) or, in the alternative, to transfer this action to the Central District of California under 28 U.S.C. § 1404(a) ("this motion").

### I.    INTRODUCTION

Plaintiff has brought this action grounded in claims for trademark infringement, trademark dilution, and violation of the California right of publicity statute. Defendant's alleged violations of the law center around its sale of watches bearing the trademark CARLO ROSSI for which Defendant has been using since 2003, and for which Defendant obtained a U.S. Registration in 2006. Plaintiff has trademark registrations for the same mark for wine and other alcoholic beverages.

This is a motion to dismiss or transfer this action to the Central District of California either because this Court is an improper venue for this action under the relevant venue statute, 28 U.S.C. § 1391(b), or for the convenience of the witnesses and parties as well as the interests of justice under 28 U.S.C. § 1404(b). The factual basis for this motion includes Defendant's *de minimus* contacts with this district both generally and related to the claims brought by Plaintiff. Defendant's only places of business is in the Central District of California as is the most concentrated business activity related to the CARLO ROSSI

CV 07-2529 RS
DEFENDANT'S MOTION TO DISMISS

watches.  Similarly, Defendant intends to bring a number of third party witnesses from the Los Angeles area to testify in its defense in this action.

Plaintiff, on the other hand, has its corporate offices in Modesto which is located in the Eastern District of California.

## II.  THE NORTHERN DISTRICT OF CALIFORNIA IS AN IMPROPER VENUE FOR THIS ACTION

The only venue provision pleaded by Plaintiff E&J Gallo Winery ("Plaintiff" or "Gallo"), is 28 U.S.C. § 1391(b), the federal question venue statute.  Section 1391(b) provides as follows:

> **(b)** A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

1   Section 1391(b)(1) is not a basis for venue because Mira

2   does not "reside" in this district.  Section 1391(b)(2) is not a

3   proper basis for venue in this case because a "substantial part

4   of the events giving rise to the claim[s]" in this case,

5   Defendant's sales of CARLO ROSSI watches, did not occur in this

6   district.  Section 1391(b)(3)is not a basis for venue here

7   because venue for this action is proper in the Central District

8   of California and, in any event, Mira is not "found" in this

9   district.

10

11  **A.    Section 1391(b)(1) Is Not A Proper Basis For Venue**
        **Because Defendant Does Not "Reside" In The Northern**
12      **District Of California**

13  Since there is only one defendant in this action, the issue

14  here is whether Mira "resides" in this district.  Mira is a

15  corporation. [Lalwani declaration, ¶ 2.]  Therefore, 28 U.S.C. §

16  1391(c) defines where Mira "resides" as follows:

17          **(c)** For purposes of venue under this chapter,

18          a defendant that is a corporation shall be

19          deemed to reside in any judicial district in

20          which it is subject to personal jurisdiction

21          at the time the action is commenced.  In a

22          State which has more than one judicial

23          district and in which a defendant that is a

24          corporation is subject to personal

25          jurisdiction at the time an action is

26          commenced, such corporation shall be deemed

27                                                    CV 07-2529 RS
                                          ~~DEFENDANT'S MOTION TO DISMISS~~

4

1    to reside in any district in that State

2    within which its contacts would be sufficient

3    to subject it to personal jurisdiction if

4    that district were a separate State, and, if

5    there is no such district, the corporation

6    shall be deemed to reside in the district

7    within which it has the most significant

8    contacts.

9    Thus, under Section 1391(c), Mira "resides" in this district only

10   if its contacts with this district would subject Mira to personal

11   jurisdiction if this district were treated as a state.

12        There are two kinds of personal jurisdiction for a

13   corporation, general and specific. *Bancroft & Masters, Inc. v.*

14   *Augusta Nat'l Inc.*, 223 F.3d 1082, 1086-89 (9th Cir. 2000).

15

16        **1.    There Is No General Personal Jurisdiction Treating**
          **This District As A State**

17        Personal jurisdiction is assessed by looking to the long arm

18   statute for the state in which the court sits.  California's long

19   arm statute extends personal jurisdiction to the full extent of

20   the due process clause of the U.S. Constitution's Fourteenth

21   Amendment.  Therefore, Mira's contacts with this district would

22   have to be "'substantial' or 'continuous and systematic'" in

23   order to have general jurisdiction under the due process clause.

24   *Id*, at 1086.  Moreover, "[t]he standard for establishing general

25   jurisdiction is "fairly high," ... and requires that the

26   defendant's contacts be of the sort that approximate physical

27

1    presence." *Id* (citations omitted).

2        Mira's contacts with this district are not close to meeting

3    these standards.  Mira has only 13 customers in this district for

4    the CARLO ROSSI watches and they make sporadic purchases that

5    amount to about one-half of one percent of Mira's total U.S.

6    sales of CARLO ROSSI watches.  [Lalwani dec., ¶¶ 16 and 17.]

7    Mira does not direct advertising to this district and it has no

8    place of business, warehouse, office, employees, bank accounts,

9    business licenses, or any other business contracts with persons

10    or entities in this district.  [Lalwani dec., ¶ 18.]  *See*

11    *Bancroft*, 223 F.3d at 1086 (no general personal jurisdiction

12    where there were similar circumstances including limited sales to

13    forum residents).

14        As the Ninth Circuit has explained in *Bancroft*, "engaging in

15    commerce with residents of the forum state is not in and of

16    itself the kind of activity that approximates physical presence

17    within the ... [forum's] borders."  *Id; see also Schwarzenegger*

18    *v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir.

19    2004)("'mere purchases even if occurring at regular intervals,

20    are not enough' to establish general jurisdiction")(quoting

21    *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408,

22    418, 104 S.Ct. 1818 (1984)).

23        Mira's sales in this district are a result of customers

24    within this district reaching out and ordering from Mira rather

25    than any coordinated effort by Mira to promote or sell its wares

26    to merchants in this district.  [Lalwani dec., ¶ 19.]  Mira's

27

CV 07-2529 RS
~~DEFENDANT'S MOTION TO DISMISS~~

sales in this district are de *minimus* compared to Mira's total
U.S. sales.  In fact, Mira's sales in this district are only
about one-half of one percent of its total sales of all products
in the U.S. [Lalwani dec., ¶ 16.]  Without a physical presence in
the district, no sales efforts directed at customers in this
district, and insignificant sales in the district, there can be
no basis for general personal jurisdiction.

### 2.    There Is No Specific Personal Jurisdiction Treating This District As A State

The Ninth Circuit standard for specific jurisdiction
requires that each of the following elements be shown:

> (1) the defendant has performed some act or
> consummated some transaction within the forum
> or otherwise purposefully availed himself of
> the privileges of conducting activities in
> the forum, (2) the claim arises out of or
> results from the defendant's forum-related
> activities, and (3) the exercise of
> jurisdiction is reasonable.

*Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1155 (9th Cir. 2006).
"If any of the three requirements is not satisfied, jurisdiction
in the forum would deprive the defendant of due process of law."
*Id.*

### a.    Purposeful Availment Or Direction

Concerning the first specific jurisdiction requirement,
"[the plaintiff] ...  must establish either that [the defendant]

... [a] purposefully availed himself of the privilege of conducting activities in [the forum] ... , or ... [b] that he purposefully directed its activities toward [the forum] ... ." *Pebble Beach,* at 1155. "Evidence of availment [item no. [a] in the previous sentence] is typically action taking place in the *forum* that invokes the benefits and protections of the laws in the forum." *Id.* Here, Mira has not conducted activities within this district. [Lalwani dec., at ¶¶ 13-19.] Instead, as in the *Pebble Beach* case, Mira's limited actions affecting this district were directed from the Central District of California. [Id.]

Nor has Mira "directed its activities toward" this district:

> In *Calder v. Jones,* the Supreme Court held
> that a foreign act that is both aimed at and
> has effect in the forum satisfies the first
> prong of the specific jurisdiction analysis.
> ... We have commonly referred to this
> holding as the "*Calder* effects test." ... To
> satisfy this test the defendant "must have
> (1) committed an intentional act, which was
> (2) expressly aimed at the forum state, and
> (3) caused harm, the brunt of which is
> suffered and which the defendant knows is
> likely to be suffered in the forum state.

*Pebble Beach,* at 1156.

Here, Mira neither committed any intentional tortious act, aimed it at this district, nor "knew" that any "harm" was "likely

to be suffered" from its sales of its CARLO ROSSI watches in this
district. [Lalwani dec., ¶¶ 7-10 and 13-19.]  Therefore, the
first requirement of the Ninth Circuit's specific jurisdiction
test is not met here.

B.    **The Reasonableness Requirement**

Specific jurisdiction also cannot be found if the exercise
of jurisdiction would be unreasonable.  The following seven
factors are to be weighed in meeting that requirement:

> (1) the extent of the defendants' purposeful
> interjection into the ... affairs [of the
> forum];  (2) the burden on the defendant of
> defending in the forum;  (3) the extent of
> conflict with the sovereignty of the
> defendants' forum;  (4) the ... [forum's]
> interest in adjudicating the dispute;  (5)
> the most efficient judicial resolution of the
> controversy;  (6) the importance of the forum
> to the plaintiff's interest in convenient and
> effective relief;  and (7) the existence of
> an alternative forum.

*Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements
Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003).  In applying these
factors, a court is required "to balance all seven" of them.  *Id.*
No subset of them is "dispositive."  *Id.*

i.    **First Factor - Forum Interjection**

The first factor weighs the degree of the defendant's interjection into the forum. *Harris,* at 1132. The extent of Mira's interjection into this district is very small in both raw numbers and in proportion. Mira's gross sales of its CARLO ROSSI watches into this district has been less than about $7271 since July 1, 2003, when Mira's sales of the CARLO ROSSI watches commenced. [Lalwani dec., ¶¶ 7 and 15.] This amounts to 1.1 percent of its overall CARLO ROSSI sales in the U.S. since such sales commenced. [Lalwani dec., ¶ 13 and 14.] This factor weighs strongly in favor of Mira.

### ii.  Second Factor - Defendants' Burdens

The second factor, the "unique burdens" of Mira having to defend in this district, weighs heavily in favor of Mira. *Harris,* at 1132. Mira is a small company for which the burden of defending in this district will be proportionately much greater than any hardship on Plaintiff, a huge company with a long history of litigation outside of the Northern District of California. [Lalwani dec., ¶¶ 3 and 4; Amirkhanyan dec., ¶ 4; Ex. D.]

In addition, the prejudice to Mira's ability to defend itself in this case could be devastating in this district because of the inability to compel witnesses to testify at trial through the subpoena power of this Court. Mira has only three small customers in this forum for its CARLO ROSSI watches. [Lalwani dec., ¶ 17.] The greatest proportion of Mira's CARLO ROSSI watch

1  business in any U.S. District Court of the U.S. is by far in the
2  Central District of California where Mira's only business
3  premises is located. [Lalwani dec., ¶¶ 20 and 21 (38.3% of
4  overall U.S. CARLO ROSSI watch sales).] The Central District is
5  where the most substantial customers of Defendant are found.
6  [Lalwani dec., ¶ 21.] Mira's chief defenses in this trademark
7  case will be the absence of a likelihood of confusion or other
8  trademark dilution harm to Plaintiff resulting from its sales of
9  CARLO ROSSI watches, in view of the limitations of Plaintiff's
10 use of the CARLO ROSSI mark to alcoholic beverages. Mira intends
11 to call eight to ten of these customers from the Central District
12 of California to testify about: (1) the limitation of Defendant's
13 CARLO ROSSI products to watches; (2) the absence of instances of
14 actual confusion concerning CARLO ROSSI watches; (3) the types of
15 consumers of Defendants' CARLO ROSSI products; (4) the marketing
16 channels for the allegedly infringing products; (5) the price
17 points at which the allegedly infringing products are sold to
18 consumers, etc. [Lalwani dec., ¶ 22.]

19      These issues are relevant to the likelihood of confusion
20 test for trademark infringement. *See AMF, Inc. v. Sleekcraft*
21 *Boats*, 599 F.2d 341, 204 U.S.P.Q. 808 (9th Cir. 1979). They are
22 also relevant to the harm Plaintiff claims it has suffered under
23 the trademark dilution causes of action brought by Plaintiff.
24 *See* 15 U.S.C. § 1125(c); Cal. Bus. and Prof. Code, § 14430.

25      These witnesses may refuse to appear voluntarily due to the
26 fear of being sued and the distraction from their business

27
                                              CV 07-2529 RS
                        11            DEFENDANT'S MOTION TO DISMISS

activities, especially if they have to choose whether to take the
substantial time to travel to San Francisco from Southern
California to testify. [Lalwani dec., ¶ 23.] If Mira compels
them to travel 400 to 500 miles to appear at for testimony at
trial in this district, either Mira's business relationship with
these important customers or its defense would suffer
accordingly, or perhaps even be lost. [Lalwani dec., ¶ 23.]

### iii. Third Factor - Sovereign Conflict

This factor focuses on the location of the alleged wrong
committed by the defendant and the location of witnesses in the
forum proposed by the Defendant. *See Harris,* at 1133. Here, the
federal district with far and away the greatest interest is the
Central District of California because that is the federal
district where there is a much greater amount of the allegedly
infringing activity, especially as compared to this district.
[Lalwani dec., ¶¶ 13-15 and 20.] Moreover, as discussed above,
not only are all of Defendant's expected employee witnesses from
the Central District, so are many third party witnesses Defendant
anticipates bringing to defend this action. [Lalwani dec., ¶¶ 22
and 24.] This factor also weighs strongly in Mira's favor.

### iv. Fourth Factor - This Forum's Interest

This district has no cognizable interest in this action. As
alleged in the Complaint, the place of business for Plaintiff is

1   Modesto, California which is found in Stanislaus County under the
2   jurisdiction of the Eastern District of California, not this
3   district.  Only Plaintiff's attorneys are located in this
4   district. The location of Plaintiff's attorneys in this district
5   is not a valid interest for the purposes of jurisdictional
6   analysis. *See In re Volkswagen AG,* 371 F.3d 201, 206 (5th Cir.
7   2004).  Thus, this district has no interest due to Plaintiff's
8   business location as is usually the case when personal
9   jurisdiction is challenged in a case brought by a corporation.
10  *Harris,* 328 F.3d at 1133 (part "d").

11      This factor weighs against Plaintiff due to the absence of
12  any cognizable interest in this district.

13

14              **v.    Fifth Factor - Efficiency**

15      Efficiency also weighs in favor of Defendant.  This factor
16  focuses on the "location of the evidence and witnesses." *Harris,*
17  at 1133.  Virtually all of Defendants' evidence including
18  business records and witnesses are located in the Central
19  District. [Lalwani dec., ¶ 25.]  On the other hand, Plaintiff's
20  evidence and witnesses are presumably located in Modesto, the
21  location of Plaintiff's corporate offices according to the
22  Complaint, which is in the Eastern District, not this district.
23  Because of its large size and extensive experience in litigation,
24  Plaintiff can much more efficiently marshal its evidence and
25  witnesses in the Central District than Defendant can in this
26  district.  This factor also favors Defendant.

27

### vi.   Sixth Factor - Effective Relief

Plaintiff seeks an injunction against Defendant in this case.  Defendant's only places of business and the largest concentration of Defendant's customers are located in the Central District.  [Lalwani dec., ¶¶ 2 and 21-22 .]  Therefore, the Central District Court can much more effectively monitor injunctive relief, if Plaintiff prevails.

Here, Plaintiff cannot even argue that this district has jurisdiction over its place of business, an argument that, by itself, was considered to weakly favor the Plaintiff in *Harris*. *Id*, at 1133.  Again, this factor weighs for Defendant.

### vii. Seventh Factor - Available Alternative Forum

For all of the reasons discussed above, there is an available alternative forum, namely the Central District of California, which not only has personal jurisdiction and proper venue concerning this matter but which would also be a more efficient and fair forum for this dispute.

Furthermore, as the British defendant did in *Harris*, Defendant hereby declares itself amenable to process in the Central District of California and its attorneys of record herein will accept service on behalf of Defendant for a Central District action concerning this dispute.

This factor weighs heavily for Plaintiff.

1

viii.    Balancing The Factors

2    *Since all six reasonableness factors weigh in Defendant's*

3    *favor, most of them strongly, the balance of the factors*

4    *overwhelmingly favors Defendant.  The exercise of jurisdiction*

5    *over Defendant in this district would be unreasonable.*  This

6    action should be dismissed due to the absence of proper venue in

7    this district under 28 U.S.C. § 1391(b)(1), and the other less

8    substantial bases discussed below.

9

10    **B.    Section 1391(b)(2) Is Not A Proper Basis For Venue Because A**
      **"Substantial Part" Of Neither The "Events" Nor The**
11    **"Property" Were Situated In This District**

12    This basis for federal question jurisdiction is designed

13    primarily for non-resident individuals and multiple defendant

14    cases where there is no forum where all defendants "reside" under

15    Section 1391(b)(1).  *See, e.g., Gregory v. Pocono Grow Fertilizer*

16    *Corp.*, 35 F. Supp. 2d 295, 298 (W.D.N.Y. 1999).

17    Intangible property such a trademark or deceased celebrity

18    name is located in the district where its owner is domiciled, i.e

19    the Eastern District of California, not this district.  *Carter v.*

20    *Estate of Davis*, 813 N.E.2d 1209, 1216 (Ind. App. 2004).

21    Nor has a "substantial part" of the events giving rise to

22    the claim here occurred in this district.  In fact, the events at

23    issue, namely Defendant's sales of CARLO ROSSI watches, occurred

24    in quite insubstantial part in this district, slightly more than

25    one percent of total sales.  [Lalwani dec., ¶¶ 13 and 14.]  On

26    the other hand, about 38.3 percent of allegedly infringing sales

27

1    occurred in the Central District of California.  [Lalwani dec., ¶
2    20.]

3         Under Section 1391(b)(2), "the substantiality of the
4    operative events is determined by assessment of their
5    ramifications for *efficient conduct of the suit.*"  *Myers v.*
6    *Bennett Law Offices,* 238 F.3d 1068, 1075-76 (9th Cir.
7    2001)(quoting *Lamont v. Haig,* 590 F.2d 1124, 1134 (D.C. Cir.
8    1978))(emphasis added).  As explained above in conjunction with
9    Section 1391(b)(1), the "efficient conduct of the suit" does not
10   point to this district, but instead the Central District of
11   California.

12

13   C.   **Section 1391(b)(3) Is Not A Proper Basis For Venue Because**
14        **It Is Only Applicable When No Other District Has Venue And**
     **Defendant Cannot Be "Found" In This District**

15        This residual venue rule does not apply if there is any
16   other federal district in which the action "may otherwise be
17   brought."  28 U.S.C. § 1391(b)(3); *FS Photo, Inc. v.*
18   *PictureVision, Inc.,* 48 F. Supp. 2d 442, 448 (D. Del. 1999).  As
19   explained above and as is apparent from the evidence submitted on
20   this motion, the Central District of California has personal and
21   subject matter jurisdiction as well as proper venue for this
22   dispute.  Thus, Section 1391(b)(3) is inapplicable to this case.
23   Moreover, as also established by the facts submitted on this
24   motion, Defendant cannot be "found" in this district but instead
25   the Central District.

26

27
CV 07-2529 RS
~~DEFENDANT'S MOTION TO DISMISS~~

D.    **This Court Has Discretion To Dismiss Or Transfer This Action Due To Improper Venue Under 28 U.S.C. § 1406(a)**

This Court may either dismiss or transfer this action based on improper venue.  28 U.S.C. § 1406(a).  Defendant requests transfer to the Central District of California.

IV.   **EVEN IF THE COURT DECIDES THAT THIS DISTRICT IS A PROPER VENUE, THIS COURT SHOULD TRANSFER THIS CASE TO THE CENTRAL DISTRICT OF CALIFORNIA UNDER § 1404(a)**

In the unlikely event this Court determines that this district is a proper venue for this action, the Court may nevertheless transfer this action to the Central District of California in the interest of witness and party convenience as well as fairness and justice.  28 U.S.C. § 1404(a).  Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought."  *Id.*

There is no reasonable argument that the court where Defendant seeks transfer, the Central District of California, does not have jurisdiction and venue over Defendant, as explained above.  Therefore, this case "might have been brought" in the Central District.

Concerning the factors to be considered in applying Section 1404(a), as stated by the Ninth Circuit:

A motion to transfer venue under § 1404(a)
requires the court to weigh multiple factors

CV 07-2529 RS
DEFENDANT'S MOTION TO DISMISS

in its determination whether transfer is
appropriate in a particular case.  For
example, the court may consider:  (1) the
location where the relevant agreements were
negotiated and executed, (2) the state that
is most familiar with the governing law, (3)
the plaintiff's choice of forum, (4) the
respective parties' contacts with the forum,
(5) the contacts relating to the plaintiff's
cause of action in the chosen forum, (6) the
differences in the  costs of litigation in
the two forums, (7) the availability of
compulsory process to compel attendance of
unwilling non-party witnesses, and (8) the
ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir.
2000).  These non-exclusive factors, and any other relevant
factors, are to be weighed in determining whether to transfer the
case notwithstanding a finding of proper venue.  *Id.*

Defendant respectfully submits that all of the factors
discussed above in section II.A.2 in connection with the
reasonableness determination for proper venue in this district
are relevant here and in fact substantially overlap with the
*Jones* factors listed above.  Defendant incorporates section
III.A.2.b herein by this reference.

The most important factor in Section 1404(a) analysis is

1  most often the convenience of third party witnesses.  Schwarzer,

2  Tashima, and Wagstaffe, *California Practice Guide: Federal Civil*

3  *Procedure Before Trial,* chapt. 4, section 4:733, The Rutter Group

4  (2007); *see also In re Volkswagen AG,* 371 F.3d 201, 204-205 (5th

5  Cir. 2004)(reversing denial of transfer motion and ordering

6  transfer); *Palace Exploration Co. v. Petroleum Dvlp. Co.,* 316

7  F.3d 1110, 1121 (10th Cir. 2003); *AJ Industries v. U.S. District*

8  *Court,* 503 F.2d 384, 386 (9th Cir. 1974); *PRG-Schultz USA, Inc.*

9  *v. Gottschalks, Inc.,* 2005 WL 2649206 at *2-*3 (N.D. Cal.

10  2005)(the convenience of the witnesses was the most important

11  reason for granting a transfer motion brought under 28 U.S.C. §

12  1404(a)).  This is not surprising in view of the express language

13  of Section 1404(a) referring to the "convenience of the

14  witnesses."

15      As explained above in Section II.A.2.b, the convenience of

16  Defendants' many third party witnesses located in the Central

17  District is a major issue in this case, in which the

18  establishment of valid rights in Plaintiff is not a significant

19  issue.

20      Turning to the specific *Jones* factors quoted above, the

21  first two factors are neutral because they do not relate to this

22  action.  There is no agreement at issue between the parties

23  (factor (1)).  Furthermore, the districts in controversy are in

24  the same state and so familiarity with the governing law is not

25  an issue here (factor (2)).

26      Although the plaintiff's choice of forum (factor 3) is

27

CV 07-2529 RS
DEFENDANT'S MOTION TO DISMISS

1  normally given deference, this case is an exception for two
2  reasons.  First, the plaintiff is not a resident of the forum
3  (but instead the Eastern District of California) and so its
4  choice of forum carries little weight.  *PRG-Schultz*, 2005 WL
5  2649206 at *4 (citing cases); *Bryant v. ITT Corp.*, 48 F. Supp. 2d
6  829, 832 (N.D. Ill. 1999); *New Images, Inc. v. Travelers
7  Indemnity Co.*, 536 F. Supp. 58,59 (E.D. Pa. 1981).  An additional
8  and separate reason for not giving deference to Plaintiff's
9  choice of forum is the absence of Defendant's substantial
10  contacts with this district, as discussed above.  *See Hernandez
11  v. Graebel Van Lines*, 761 F. Supp. 983, 990 (E.D.N.Y. 1991);
12  *Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478, 482 (D.
13  Del. 1987).

14      *Jones* factors (4) and (5), namely the parties' contacts with
15  the forum and the forum's relationship to the claims in the case,
16  are discussed in detail in section II.A.2.b.  Both factors
17  strongly favor transfer due to the *de minimus* relevant contacts
18  with this district and the substantial relevant contacts with the
19  Central District.

20      The costs to the parties (factor (6)) is going to be
21  substantially higher for Defendant in this district and slightly
22  higher for Plaintiff in the Central District.  This factor
23  slightly favors Defendant.

24      Compulsory process at trial (factor (7)) can be achieved in
25  this district under F.R.Civ.P. 45(c)(3)(A)(ii) because the
26  witnesses are all in California.  Therefore, this factor favors
27

CV 07-2529 RS
DEFENDANT'S MOTION TO DISMISS

neither district.  However, factor (7) raises factor (8), the ease of access to sources of proof.  The practical harm to Defendant's business and Defendant's defense of this case is enormous because the third party witnesses would have to travel several hundred miles to testify and return home.  See section II.A.2.b.  Moreover, Defendant's records are located at its offices in Los Angeles.  Plaintiff is going to have to transport its records a substantial distance from Modesto in this or the Central District.  This factor strongly favors Defendant, especially in view of the burdens to its third party witnesses.

An additional relevant factor not expressly articulated in *Jones* is the relative means of the parties.  *Dwyer v. General Motors Corp.*, 853 F.Supp. 690, 693 (S.D.N.Y. 1994).  This factor clearly favors Defendant which is a small company with only 12 employees whereas Plaintiff is a huge company with about 5000 employees and annual sales exceeding $2 billion. [Lalwani dec., ¶¶ 3 and 4; Amirkhanyan dec., ¶ 4;; Ex. D.]

Finally, another factor considered by the Courts on transfer motions is the relative congestion of the districts at issue.  *Kasey v. Molybdenum Corp. of America*, 408 F.2d 16, 20 (9th Cir. 1969).  In this case, the Northern District is busier than the Central District of California.  [Amirkhanyan dec., at ¶¶ 3 and 4; Exs. B and C.]

The Court should be aware that the location of the offices of the attorneys is not a consideration in the Section 1404(a) analysis.  *In re Volkswagen AG*, 371 F.3d at 206 (finding the

CV 07-2529 RS
DEFENDANT'S MOTION TO DISMISS

1  District Court's reliance on that factor to be reversible error).

2      In conclusion, this case should be transferred to the

3  Central District of California under 28 U.S.C. § 1404(a).

4

5  **V.   CONCLUSION**

6      For the foregoing reasons, this action should be dismissed

7  or transferred for lack of proper venue and, in any event,

8  transferred to the Central District of California under 28 U.S.C.

9  § 1404(a).

10

11

12  Dated: June 22, 2007             Respectfully submitted,

13                               THE SONI LAW FIRM

14

15                               By: _Mark 7 Sutton_

16                               Surjit P. Soni

17                               Mark L. Sutton
                             Attorneys for Defendant,
                             Mira Enterprises, Inc.

18

19

20

21

22

23

24

25

26

27

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action; my business address is 55 South Lake Avenue, Suite 720, Pasadena, California 91101.

On **June 22, 2007**, I caused to be served the foregoing described as **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE UNDER F.R.Civ.P. 12(b)(3) AND 28 U.S.C. §1406(a), OR TO TRANSFER UNDER 28 U.S.C. §1404(a)** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

D. Peter Harvey, Esq.
Raffi V. Zerounian, Esq.
HARVEY SISKIND LLP
4 Embarcadero Center, 39th Floor
San Francisco, Ca 94111

[X]    (MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day, with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]    (PERSONAL SERVICE) I caused the above referenced document to be personally served by hand on at the addresses listed below.

[]    (VIA FEDERAL EXPRESS) I caused such envelope to be delivered overnight to addresses listed above.

[]    (FACSIMILE) I caused the attached document to be transmitted to the above listed addressee.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **June 22, 2007** at Pasadena, California.

Tina Amirkhanyan