Surjit P. Soni        (State Bar No. 127419)
Mark L. Sutton        (State Bar No. 120255)
THE SONI LAW FIRM
55 South Lake Avenue, Suite 720
Pasadena, California 91101
Telephone: (626) 683-7600
Facsimile: (626) 683-1199
surji@sonilaw.com
mark@sonilaw.com

Attorneys for Defendant,
Mira Enterprises, Inc.


# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION


| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation, | ) CASE NO. CV 07-2529 RS |
| Plaintiff, | ) |
| vs. | ) **DECLARATION OF SUNIL LALWANI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER F.R.Civ.P. 12(b)(3) OR TO TRANSFER UNDER 28 U.S.C. §1404(a)** |
| MIRA ENTERPRISES, INC., a California corporation, | ) |
| Defendants. | ) |

I, Sunil Lalwani, declare:

1.    I am vice president of Defendant Mira Enterprises, Inc. ("Mira" or "Defendant") in this action. I have had that position at Mira since 1991. I am personally knowledgeable of the facts contained herein and could and would competently testify thereto if called upon to do so.


EXHIBIT
tabbies
1

DECLARATION OF Sunil Lalwani
CV 07-2529 RS

## MIRA'S BUSINESS FORM AND PLACES OF BUSINESS

2.    Mira is a corporation formed under the laws of California.  Mira's only places of business are located at 1349 South Broadway, Los Angeles, California (the company offices) and 1360 South Broadway, Los Angeles, California (where the company leases warehouse space).  Mira has no place of business outside of the Los Angeles area, whether by ownership or by lease.

## THE NATURE AND SIZE OF MIRA'S BUSINESS

3.    My duties at Mira include, and have included throughout my tenure at the company, a variety of duties that involve all facets of Mira's business including sales, warehousing, accounting, purchasing, importing, trade shows, etc.  I basically do whatever needs to be done as do my brother, Anil Lalwani, the President of Mira, and most of the other employees of Mira.

4.    Mira is a small company and therefore everyone at the company pitches in and performs whatever tasks that need to be accomplished.  Mira is not big enough to categorize employee duties by department.  Mira has 12 full-time employees and no part-time employees.

5.    Mira sells a variety of consumer products under various trademarks including watches.  Mira sells its products almost exclusively to distributors who in turn resell the products to other distributors or retailers (i.e., those business establishments which sell the products to the consuming public).  Occasionally, Mira sells products to retailers or directly to the

1  consuming public but such sales are a tiny fraction of Mira's sales
2  (i.e., substantially less than one percent).

3      6.    Mira does not do any direct advertising or promotion
4  of its products. Mira's sole means of promoting its products is to
5  exhibit its goods at trade shows. On average, Mira participates in
6  two trade shows per year.

7

8  **MIRA'S BUSINESS AND REGISTRATION CONCERNING THE CARLO ROSSI MARK**

9      7.    Mira's business that has given rise to this action is its
10 use of the CARLO ROSSI trademark. Mira first began using the CARLO
11 ROSSI trademark approximately at least by July 1, 2003. Mira has
12 used the CARLO ROSSI mark on only watches since that time for
13 products Mira has sold in the United States.

14     8.    Mira adopted the CARLO ROSSI without being aware of the
15 use by any other party, including Plaintiff E&J Gallo Winery, of
16 that mark for alcoholic beverages or any other product.

17     9.    Mira applied for a U.S. registration for the CARLO ROSSI
18 mark for watches before it began using the CARLO ROSSI mark in
19 2003. My understanding is that the CARLO ROSSI mark for watches
20 was approved and published for opposition by the U.S. Patent and
21 Trademark Office in 2004. I further understand that no one opposed
22 registration of our CARLO ROSSI at that time. I also understand
23 that Mira received a registration for the CARLO ROSSI mark in 2006,
24 after there was no opposition.

25     10.   After Mira became aware of Plaintiff's use of the CARLO
26 ROSSI mark for wine and other alcoholic beverages, Mira has

27

3

1 consistently believed there would be no confusion among the

2 consuming public or any other damage to Plaintiff's business

3 involving the CARLO ROSSI mark in part because our company's

4 products are so different from those of Plaintiff.

5     11. Mira has considered using the CARLO ROSSI mark on

6 products other than watches but has never done so for its sales to

7 any customers. Mira imported some samples of consumer products

8 bearing the CARLO ROSSI mark other than watches from a supplier but

9 never sold any CARLO ROSSI products other than watches.

10     12. I have done an evaluation Mira's business records for

11 the motion to dismiss or transfer this lawsuit to the federal court

12 in Los Angeles. Mira's total sales figures for CARLO ROSSI watches

13 throughout the United States from July 1, 2003, until the present,

14 have been, according to my calculations, $662,183.42.

15

16 **DEFENDANT'S CONTACTS WITH THE NORTHERN DISTRICT OF CALIFORNIA**

17     13. As part of my evaluation of Mira's business records, I

18 have determined that Mira's sales of watches bearing the CARLO

19 ROSSI mark in the federal court system's Northern District of

20 California have been 1.1% of total CARLO ROSSI watch sales in the

21 U.S. since July 1, 2003. I made this determination by determining

22 Mira's overall U.S. sales of CARLO ROSSI watches and such sales in

23 the Northern District of California for 17 representative models of

24 CARLO ROSSI watches out of a total of 80 CARLO ROSSI models.

25     14. The actual numbers I determined for the 17 models I

26 evaluated was a total of $962.75 in sales to customers in the

27

4

1  Northern District and $87,683.50 for all U.S. sales, for CARLO
2  ROSSI watches only.  Based on my experience in sales of my
3  company's products and the consistent proportions I found in
4  calculating the actual numbers for 17 CARLO ROSSI watches, I
5  conclude that the proportion of CARLO ROSSI watches sold by Mira in
6  the Northern District would not significantly change if I
7  calculated the proportions of sales in the Northern District of
8  California for all 80 models of Mira's CARLO ROSSI watches.

9       15.  Based on my evaluation, the total sales of CARLO ROSSI
10 watches into the Northern District of California for all eighty
11 models has been about $7271 since July 1, 2003.  As stated above,
12 the total sales of CARLO ROSSI watches throughout the U.S. has been
13 $662,183.42 since July 1, 2003.

14      16.  In evaluating Mira's business records, I also determined
15 Mira's sales in Northern District of California as a proportion of
16 Mira's overall product sales, for all products (not only CARLO
17 ROSSI products), since July 1, 2003.  I did this for all of Mira's
18 product models, not just representative models, because I could
19 ascertain those numbers from our company's computerized business
20 records much more easily than the sales records limited to sales of
21 CARLO ROSSI watches.  The proportion of Mira's overall product
22 sales in the Northern District of California has been less than .5
23 % (i.e., less than one-half of one percent) of all U.S. sales of
24 all Mira products, since July 1, 2003.

25      17.  Mira has had only three customers in the Northern
26 District of California who have purchased CARLO ROSSI watches from

DECLARATION OF Sunil Lalwani
CV 07-2529 RS

1  Mira. Mira has had only 13 customers over all in the Northern

2  District of California since July 1, 2003.

3      18. Mira does no direct advertising to the Northern District

4  and it has no place of business, warehouse, office, employees, bank

5  accounts, business licenses, or any other business contracts with

6  persons or entities in the Northern District.

7      19. Mira's sales in the Northern District of California are a

8  result of customers within the Northern District reaching out and

9  ordering from Mira rather than any coordinated effort by Mira to

10  promote or sell its wares to merchants in the Northern District.

11

12          **MIRA'S BUSINESS IN THE CENTRAL DISTRICT OF CALIFORNIA**

13      20. In evaluating the 17 out of 80 models of CARLO ROSSI

14  watches, I also determined the sales amounts of CARLO ROSSI watches

15  in the Central District of California since July 1, 2003, namely

16  $33,598.25 for the 17 models. The proportion for Central District

17  sales of CARLO ROSSI watches is thus about 38.3% of all U.S. sales

18  of such watches for the 17 models (namely, $87,683.50). As with

19  the Northern District sales, based on my experience in company

20  sales and the consistency of the numbers for the representative 17

21  models, I conclude that the proportion of Central District sales of

22  CARLO ROSSI watches for all 80 models would not be significantly

23  different from the sales of the 17 models I evaluated.

24      21. The greatest proportion of Mira's business in any U.S.

25  District Court of the U.S. is by far in the Central District of

26  California, both for CARLO ROSSI watches and generally, where

27

DECLARATION OF Sunil Lalwani
CV 07-2529 RS

1  Mira's only business premises is located.  The Central District is
2  where the most substantial customers of Defendant are found.
3       22.  Mira intends to call eight to eleven of its customers
4  from the Central District of California, who have no interest in
5  this lawsuit, to testify about: (1) the limitation of sales of
6  Defendant's CARLO ROSSI products to watches; (2) the absence of
7  instances of actual confusion concerning CARLO ROSSI watches; (3)
8  the types of consumers of Defendants' CARLO ROSSI products; (4) the
9  marketing channels for the allegedly infringing products; (5) the
10 price points at which the allegedly infringing products are sold to
11 consumers.  The personal names, company names and addresses of the
12 witnesses referred to in this paragraph are as follows:
13      i.   Ali Dhanani; Crown Watch & Gifts; 218 E. Winston Street #
14           G2; Los Angeles, CA 90013;
15      ii.  Rezaul Amin; Eureka Traders; 430 S. Los Angeles Street #
16           5;Los Angeles, CA 90013;
17      iii. Mohammed Faisal; Present Times; 560 S. Los Angeles Street
18           # 41; Los Angeles, CA 90013;
19      iv.  Aziz Ramzanali; Watch Time; 1111 Standford Street; Los
20           Angeles Ca 90021;
21      v.   Pervaiz Meghani; American Watch Inc., DBA American Time #
22           2; 560 S. Los Angeles Street # 3; Los Angeles, CA 90013;
23      vi.  Asif Dhanani; The Watch Factory; 230 E. Winston Street #
24           4; Los Angeles, CA 90013;
25      vii. Naushad Meghani; American Time # 1; 211 E. 5th Street #
26
27

DECLARATION OF Sunil Lalwani
CV 07-2529 RS

3; Los Angeles, CA 90013;

    viii.   Paul Huen; Effectron Corporation; 500 S. Los Angeles St

       # 5; Los Angeles, CA 90013;

    ix.   Young Park; Sky Max Company; 513 S. Los Angeles Street;

       Los Angeles, CA 90013;

    x.   Abul Hossain; Star Watch Company; 500 S. Los Angeles

       Street #36; Los Angeles, Ca 90013;

    xi.   Lim Jin Seong; J.K. Watches; 444 S. Los Angeles Street;

       Los Angeles, CA 90013.

23.    These witnesses may refuse to appear voluntarily due to the fear of being sued and the distraction from their business activities, especially if they have to choose whether to take the substantial time to travel to San Francisco from Southern California to testify.  If Mira compels them to travel 400 to 500 miles to appear at trial in the Northern District, either Mira's business relationship with these important customers or its defense would suffer accordingly, or perhaps even be lost.

24.    I, my brother Anil Lalwani, the President of Mira, and other employees of Mira that are potential witnesses in this case reside in the Central District of California.

/ / /

25.   Virtually all of Defendant's evidence for this case, including witnesses and business records are located in the Central District of California.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22nd day of June, 2007, at Pasadena, Los Angeles California.

Sunil Lalwani

DECLARATION OF Sunil Lalwani
CV 07-2529 RS

TOTAL P.01

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action; my business address is 55 South Lake Avenue, Suite 720, Pasadena, California 91101.

On **June 22, 2007**, I caused to be served the foregoing described as **DECLARATION OF SUNIL LALWANI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER F.R.Civ.P. 12(b)(3) OR TO TRANSFER UNDER 28 U.S.C. §1404(a)** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

D. Peter Harvey, Esq.
Raffi V. Zerounian, Esq.
HARVEY SISKIND LLP
4 Embarcadero Center, 39th Floor
San Francisco, Ca 94111

[X]    (MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day, with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]    (PERSONAL SERVICE) I caused the above referenced document to be personally served by hand on at the addresses listed below.

[]    (VIA FEDERAL EXPRESS) I caused such envelope to be delivered overnight to addresses listed above.

[]    (FACSIMILE) I caused the attached document to be transmitted to the above listed addressee.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **June 22, 2007** at Pasadena, California.

Tina Amirkhanyan

Surjit P. Soni        (State Bar No. 127419)
Mark L. Sutton        (State Bar No. 120255)
THE SONI LAW FIRM
35 South Lake Avenue, Suite 720
Pasadena, California  91101
Telephone: (626) 683-7600
Facsimile: (626) 683-1199
surj@sonilaw.com
mark@sonilaw.com

Attorneys for Defendant,
Mira Enterprises, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| E. & C. GALLO WINERY, a California corporation, | CASE NO. CV 07-2529 RS |
| Plaintiff, | |
| vs. | DECLARATION OF TINA AMIRKHANYAN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER F.R.Civ.P. 12(b)(3) OR TO TRANSFER UNDER 28 U.S.C. §1404(a) |
| MIRA ENTERPRISES, INC., a California corporation, | |
| Defendants. | |

I, Tina Amirkhanyan, declare:

1.    I am a legal secretary at The Soni Law Firm, attorneys for Defendant MIRA ENTERPRISES, INC. in the lawsuit identified as Case No. CV 07-2829-RS in the U.S. District Court for the Northern District of California.  I am personally knowledgeable of the facts contained herein and could and would competently testify thereto if called upon to do so.

**EXHIBIT**

2

DECLARATION OF Tina Amirkhanyan
CV 07-2529 RS

1      1.  Attached as Exhibit A is a true and correct copy of the
2  complaint filed in this action.

3      2.  On June 22th, 2007, I researched judicial statistics for
4  the U.S. District Court for the Northern District of California on
5  the United States Courts' website, www.uscourts.gov/cgi-
6  bin/cmsd2006.pl, a true and correct copy of which is attached as
7  Exhibit B.  I found that the total number of actions per judgeship
8  in a 12 month period was 620 for 2006.  The pending cases per judge
9  in the same period of time was 583 for 2006 and 468 for 2005.  In
10 addition, the median time from filing of the cases to trial in a 12
11 month period was 25 months for 2006.  This data is circled on
12 Exhibit B.

13     4.  On June 22th, 2007, I researched judicial statistics for
14 the U.S. District Court for the Central District of California on
15 the United States Courts' website, www.uscourts.gov/cgi-
16 bin/cmsd2006.pl, a true and correct copy of which is attached as
17 Exhibit C.  I found that the total number of actions per judgeship
18 in a 12 month period was 461 for 2006.  The pending cases per judge
19 in the same period of time was 443 for 2006.  In addition, the
20 median time from filing of the cases to trial in a 12 month period
21 was 21.3 for 2006.  This data is circled on Exhibit C.

22 //
23 //
24 //
25 //
26 //
27 //
28 //

DECLARATION OF Tina Amirkhanyan
CV 07-2529 RS

5.    According to publicly available information, the E & J
Gallo Winery currently employs more than 5,000
people and is one of the world's largest winemaking operations.  A
true and correct copy of my Google search printout from
www.tipco.com/company/news/releases/2004/press640.jsp is attached
as Exhibit D.


I declare under penalty of perjury that the foregoing is true
and correct.

Executed on this 22nd day of June, 2007, at Pasadena,
California.

Tina Amirkhanyan

1   HARVEY SISKIND LLP
    D. PETER HARVEY (SBN 55712)
2   Email: pharvey@harveysiskind.com
    RAFFI V. ZEROUNIAN (SBN 236388)
3   Email: rzerounian@harveysiskind.com
4   4 Embarcadero Center, 39th Floor
    San Francisco, CA 94111
5   Telephone: (415) 354-0100
    Facsimile: (415) 391-7124
6
7   G. KIP EDWARDS (SBN 50446)
    Email: kedwards@ltol.com
8   Mailing address:
    P.O. Box 1979
9   Kings Beach, CA 96143
    Delivery address:
10  1132 Regency Way
11  Tahoe Vista, CA 96148
    Telephone: (530) 546-5892
12  Facsimile: (530) 546-5893

13  Attorneys for Plaintiff
    E. & J. Gallo Winery
14

E-filing

15          IN THE UNITED STATES DISTRICT COURT

16      FOR THE NORTHERN DISTRICT OF CALIFORNIA      RS

17              SAN FRANCISCO DIVISION

18  E. & J. GALLO WINERY, a California       Case No. C 07 2529
19  corporation,
                                             COMPLAINT FOR
20          Plaintiff,                       FEDERAL TRADEMARK
                                             INFRINGEMENT AND DILUTION,
21      v.                                   VIOLATION OF CALIFORNIA
                                             CELEBRITY IMAGE PROTECTION ACT,
22  MIRA ENTERPRISES, INC., a California     CALIFORNIA TRADEMARK
23  corporation                             INFRINGEMENT AND DILUTION,
                                             CALIFORNIA UNFAIR COMPETITON
24          Defendant                        AND COMMON LAW UNJUST
                                             ENRICHMENT
25
26
27
28
                              COMPLAINT

EXHIBIT
A

1        Plaintiff E. & J. Gallo Winery ("Gallo") for its complaint against defendant Mira Enterprises,

2   Inc. alleges:

3                           JURISDICTION

4      1.      This is an action seeking damages and injunctive relief for federal trademark

5   infringement under 15 U.S.C. §§ 1051 *et seq.*, federal trademark dilution under 15 U.S.C. § 1125(c),

6   violation of the California Celebrity Image Protection Act, California Civil Code § 3344.1, state

7   trademark infringement under California Business and Professions Code §§ 14200 *et seq.*, state

8   trademark dilution under California Business and Professions Code § 14330, unfair competition

9   under California Business and Professions Code §§ 17200 *et seq.*, and common law unjust

10   enrichment.

11      2.      This Court has subject matter jurisdiction over the federal claims pursuant to 28

12   U.S.C. §§1331, 1338(a) and 15 U.S.C. §1121 because this matter arises under the Lanham Act, 15

13   U.S.C. § 1051, *et seq*. The Court has supplemental jurisdiction over Gallo's state law claims under

14   28 U.S.C. §§ 1338(b) and 1367(a).

15                           VENUE

16      3.      Venue properly lies within the Northern District of California pursuant to 28 U.S.C.

17   §1391(b).

18                 INTRADISTRICT ASSIGNMENT

19      4.      Assignment of this case to this division is proper under Civil Local Rule 3-2(c).

20                         PARTIES

21      5.      Gallo is a California corporation with its principal place of business in Modesto,

22   California.

23      6.      On information and belief, Defendant Mira Enterprises, Inc. is a California

24   corporation with its principal place of business in Los Angeles, California.

25                       CLAIM ONE

26             (Federal Trademark Infringement)

27      7.      Gallo incorporates by reference the allegations of paragraphs 1 through 6.

28                           -2-

                        COMPLAINT

8.     Gallo owns all rights in and to, among others, the federal trademark registrations listed below, each of which is valid and subsisting, uncancelled, unrevoked and incontestable:

| Trademark | Reg. No | Issue Date | Goods |
|-----------|---------|------------|-------|
| CARLO ROSSI | 1,813,968 | 12-28-93 | Wines |
| CARLO ROSSI | 1,904,572 | 7-11-95 | Wines |

9.     Defendant has obtained a federal trademark registration No. 3,142,535, issued on September 12, 2006, for the word mark CARLO ROSSI for watches.

10.     Defendant has used the trademark CARLO ROSSI without authorization from Gallo in the promotion and sales of goods not produced or authorized by Gallo. On information and belief, these goods include, but are not limited to, watches, necklaces, earrings, pens, bracelets, knives, manicure sets, handbags, wallets and sunglasses. Such unauthorized uses of the CARLO ROSSI mark by defendant create a likelihood of confusion with Gallo's CARLO ROSSI marks and products and constitute an infringement of Gallo's trademark rights under 15 U.S.C. §§ 1114 *et seq.*

11.     Defendant has used, and is continuing to use, the CARLO ROSSI mark with full knowledge of Gallo's trademark rights, and its infringement is willful and deliberate.

12.     Defendant's trademark infringement alleged herein has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable injury to Gallo for which Gallo is without an adequate remedy at law.

## CLAIM TWO

### (Federal Trademark Dilution)

13.     Gallo incorporates by reference the allegations of paragraphs 1 through 12.

14.     The CARLO ROSSI trademark is famous and distinctive and/or has acquired distinctiveness and is widely recognized by the general consuming public of the United States in connection with wines.

-3-

COMPLAINT

1       15.    Defendant's use of a CARLO ROSSI trademark began after Gallo's CARLO ROSSI

2   trademark became famous. Defendant's use of a CARLO ROSSI trademark is likely to dilute the

3   distinctive quality of the famous CARLO ROSSI mark in violation of 15 U.S.C. § 1125(c).

4       16.    Defendant's acts alleged herein have caused and, unless restrained and enjoined by

5   this Court, will continue to cause irreparable injury to Gallo for which Gallo is without an adequate

6   remedy at law.

### CLAIM THREE

### (Violation of California Celebrity Image Protection Act)

9       17.    Gallo incorporates by reference the allegations of paragraphs 1 through 16.

10      18.    Charles "Carlo" Rossi died in 1994. While his given name at birth was "Charles," he

11   was known throughout his adult life as "Carlo."

12      19.    During his lifetime, Carlo Rossi's name and likeness were featured on wine labels for

13   wines produced by Gallo. This use of the name "Carlo Rossi" and Mr. Rossi's likeness was pursuant

14   to an agreement between Mr. Rossi and Gallo. Gallo is the successor-in-interest to all rights

15   pertaining to the name "Carlo Rossi" and his likeness. Gallo has filed a Registration of Claim as

16   Successor-in-Interest with the California Secretary of State as provided for in California Civil Code

17   Section 3344.1(f).

18      20.    During his life, the name "Carlo Rossi" and Mr. Rossi were also featured prominently

19   in television commercials, advertising collateral and point-of-sale materials, among other uses. As a

20   result, upon his death Carlo Rossi became a "deceased personality" as that term is used in California

21   Civil Code Section 3344.1.

22      21.    Defendant's use of the name "Carlo Rossi" on the goods described in paragraph 10 is

23   without Gallo's consent. Defendant's use of "Carlo Rossi" is for the purpose of, among other things,

24   selling and soliciting sales of goods bearing the name "Carlo Rossi."

25      22.    Defendant's use of "Carlo Rossi" as alleged herein has violated and, unless restrained

26   and enjoined by this Court, will continue to violate California Civil Code Section 3344.1. Pursuant

27

28

-4-

COMPLAINT

1    to its agreement with Mr. Rossi, Gallo continues to use his name and image on its CARLO ROSSI

2    wines, website, and advertising.

3           23.    As a result of defendant's violations, Gallo is entitled to an award of statutory

4    damages and defendant's profits from its unauthorized use of "Carlo Rossi."

5           24.    Gallo is entitled to an award of its attorneys' fees and costs pursuant to California

6    Civil Code Section 3344.1(a).

7                                    CLAIM FOUR

8                          (California Trademark Infringement)

9           25.    Gallo incorporates by reference the allegations of paragraphs 1 through 24.

10          26.    Gallo owns all rights in and to California trademark registration no. 098,686 for the

11   trademark CARLO ROSSI for wines, issued on February 15, 1994.

12          27.    Defendant's unauthorized use of the CARLO ROSSI trademark creates a likelihood of

13   confusion with Gallo's marks and products and constitutes an infringement of Gallo's trademark

14   rights under California Business and Professions Code Section 14200 *et seq.*

15          28.    Defendant's acts alleged herein have caused and, unless restrained and enjoined by

16   this Court, will continue to cause irreparable injury to Gallo for which Gallo is without an adequate

17   remedy at law.

18                                   CLAIM FIVE

19                           (California Trademark Dilution)

20          29.    Gallo incorporates by reference the allegations of paragraphs 1 through 28.

21          30.    Defendant's use of a CARLO ROSSI trademark creates a likelihood of injury to the

22   business reputation and of dilution of the distinctive quality of Gallo's CARLO ROSSI mark in

23   violation of California Business and Professions Code Section 14330.

24          31.    Defendant's acts alleged herein have caused and, unless restrained and enjoined by

25   this Court, will continue to cause irreparable injury to Gallo for which Gallo has no adequate remedy

26   at law.

27

28                                      -5-
                                    COMPLAINT

## CLAIM SIX

### (California Unfair Competition)

32. Gallo incorporates by reference the allegations of paragraphs 1 through 31.

33. Defendant's use of the CARLO ROSSI trademark constitutes unfair competition in violation of California Business and Professions Code Section 17200 *et seq*.

## CLAIM SEVEN

### (Unjust Enrichment)

34. Gallo incorporates by reference the allegations of paragraphs 1 through 33.

35. As a result of the conduct of defendant, it has been unjustly enriched at the expense of Gallo and the law thereby implies a contract by which defendant must pay to Gallo the amount by which, in equity and good conscience, defendant has been unjustly enriched at the expense of Gallo.

## PRAYER FOR RELIEF

WHEREFORE, Gallo seeks judgment against defendant as follows:

1. An injunction against defendant and all persons acting in concert therewith enjoining any further infringement of Gallo's CARLO ROSSI trademark in the United States;

2. An injunction against defendant and all persons acting in concert therewith enjoining any further dilution of Gallo's CARLO ROSSI trademark in the United States;

3. An injunction against defendant and all persons acting in concert therewith enjoining any further violations of California Civil Code Section 3344.1;

4. An injunction against defendant and all persons acting in concert therewith enjoining any further acts of unfair competition in the United States;

5. An award of statutory damages together with defendant's profits from the use of CARLO ROSSI in the United States;

6. An award in the amount by which defendant has been unjustly enriched;

7. An order compelling the Commissioner of Trademarks of the United States to cancel federal trademark registration No. 3,142,535, issued on September 12, 2006, to defendant for the word mark CARLO ROSSI for watches;

-6-
COMPLAINT

8.      An award of Gallo's reasonable attorneys' fees and costs; and

9.      Such other and further relief as the Court deems just and proper.

Dated: May 11, 2007                         Respectfully submitted,

                                            HARVEY SISKIND LLP
                                            D. PETER HARVEY
                                            RAFFI V. ZEROUNIAN

                                            C. KIP EDWARDS

                                            By: _____
                                                D. Peter Harvey

                                            Attorneys for Plaintiff
                                            E. & J. GALLO WINERY

-7-
COMPLAINT

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: May 11, 2007                    Respectfully submitted,

HARVEY SISKIND LLP
D. PETER HARVEY
RAFFI V. ZEROUNIAN

G. KIP EDWARDS

By: _____
        D. Peter Harvey

Attorneys for Plaintiff,
E. & J. GALLO WINERY

-8-
COMPLAINT

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| **CALIFORNIA NORTHERN** | | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | | |
| | | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | | Filings* | 8,683 | 6,362 | 6,727 | 6,919 | 7,887 | 6,841 | U.S. | Circuit |
| | | Terminations | 6,983 | 6,966 | 6,471 | 7,094 | 6,675 | 6,069 | | |
| | | Pending | 8,157 | 6,557 | 7,267 | 7,567 | 7,958 | 6,928 | | |
| | % Change in Total Filings | Over Last Year | | 36.5 | | | | | 4 | 1 |
| | | Over Earlier Years | | | 29.1 | 25.5 | 10.1 | 26.9 | 10 | 2 |
| | Number of Judgeships | | 14 | 14 | 14 | 14 | 14 | 14 | | |
| | Vacant Judgeship Months** | | .0 | .0 | .0 | 3.1 | 12.0 | 3.0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 620 | 455 | 480 | 494 | 563 | 489 | 11 | 3 |
| | | Civil | 558 | 390 | 413 | 424 | 510 | 439 | 6 | 2 |
| | | Criminal Felony | 37 | 39 | 44 | 47 | 42 | 50 | 82 | 12 |
| | | Supervised Release Hearings** | 25 | 26 | 23 | 23 | 11 | - | 36 | 12 |
| | Pending Cases | | 583 | 468 | 519 | 541 | 568 | 495 | 12 | 2 |
| | Weighted Filings** | | 621 | 543 | 581 | 631 | 598 | 610 | 5 | 2 |
| | Terminations | | 499 | 498 | 462 | 507 | 477 | 434 | 28 | 5 |
| | Trials Completed | | 8 | 10 | 10 | 11 | 11 | 11 | 91 | 14 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 11.2 | 12.6 | 11.1 | 11.7 | 11.8 | 10.1 | 75 | 11 |
| | | Civil** | 7.4 | 9.8 | 8.2 | 10.6 | 9.5 | 9.1 | 11 | 3 |
| | From Filing to Trial** (Civil Only) | | 25.0 | 28.0 | 22.5 | 30.3 | 23.5 | 22.7 | 41 | 5 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 528 | 530 | 430 | 377 | 475 | 335 | | |
| | | Percentage | 7.3 | 9.5 | 6.9 | 5.7 | 6.7 | 5.6 | 60 | 7 |
| | Average Number of Felony Defendants Filed Per Case | | 1.5 | 1.5 | 1.4 | 1.5 | 1.4 | 1.5 | | |
| | Jurors | Avg. Present for Jury Selection | 59.09 | 55.21 | 61.19 | 65.00 | 66.42 | 60.46 | | |
| | | Percent Not Selected or Challenged | 43.2 | 31.0 | 48.9 | 40.9 | 47.2 | 42.2 | | |

| 2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 7812 | 128 | 2118 | 1540 | 105 | 23 | 487 | 577 | 481 | 464 | 745 | 105 | 1039 |
| Criminal* | 507 | 16 | 58 | 134 | 70 | 89 | 18 | 28 | 8 | 9 | 15 | 27 | 35 |

* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
** See "Explanation of Selected Terms."



EXHIBIT
B

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| **CALIFORNIA CENTRAL** | | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | | |
| | Filings* | | 12,909 | 14,630 | 16,938 | 14,720 | 15,440 | 15,342 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Terminations | | 13,680 | 16,173 | 15,269 | 15,800 | 16,936 | 16,906 | | |
| | Pending | | 12,401 | 13,180 | 14,720 | 13,129 | 14,525 | 16,142 | | |
| | % Change in Total Filings | Over Last Year | | -11.8 | | | | | 83 | 13 |
| | | Over Earlier Years | | | -23.8 | -12.3 | -16.4 | -15.9 | 81 | 13 |
| Number of Judgeships | | | 28 | 28 | 28 | 28 | 27 | 27 | | |
| Vacant Judgeship Months** | | | 53.9 | 24.8 | 2.3 | 23.6 | 63.9 | 57.3 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 461 | 523 | 605 | 526 | 572 | 568 | 36 | 7 |
| | | Civil | 397 | 450 | 515 | 451 | 490 | 521 | 18 | 4 |
| | | Criminal Felony | 36 | 45 | 60 | 49 | 58 | 47 | 84 | 14 |
| | | Supervised Release Hearings** | 28 | 28 | 30 | 26 | 24 | - | 30 | 11 |
| | Pending Cases | | 443 | 471 | 526 | 469 | 538 | 598 | 26 | 7 |
| | Weighted Filings** | | 518 | 565 | 651 | 590 | 584 | 557 | 24 | 6 |
| | Terminations | | 489 | 578 | 545 | 564 | 627 | 626 | 32 | 7 |
| | Trials Completed | | 12 | 13 | 12 | 14 | 12 | 14 | 79 | 11 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 12.4 | 10.3 | 8.2 | 9.4 | 8.6 | 9.1 | 82 | 14 |
| | | Civil** | 7.2 | 7.4 | 7.3 | 7.5 | 7.9 | 7.1 | 10 | 2 |
| | From Filing to Trial** (Civil Only) | | 21.3 | 20.5 | 17.8 | 21.2 | 20.0 | 21.0 | 29 | 4 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 1,240 | 809 | 624 | 609 | 650 | 541 | | |
| | | Percentage | 11.6 | 7.2 | 5.0 | 5.4 | 5.2 | 3.8 | 79 | 14 |
| | Average Number of Felony Defendants Filed Per Case | | 1.6 | 1.5 | 1.4 | 1.4 | 1.4 | 1.5 | | |
| | Jurors | Avg. Present for Jury Selection | 64.08 | 47.33 | 49.01 | 49.49 | 54.63 | 61.75 | | |
| | | Percent Not Selected or Challenged | 55.7 | 48.3 | 49.4 | 51.6 | 55.5 | 58.8 | | |

| 2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 11104 | 994 | 211 | 2833 | 274 | 58 | 754 | 1330 | 497 | 1425 | 1188 | 80 | 1460 |
| Criminal* | 999 | 3 | 151 | 234 | 88 | 228 | 54 | 46 | 43 | 43 | 25 | 35 | 49 |

* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
** See "Explanation of Selected Terms."





# E. & J. Gallo Winery Honored with Top Spot in 2004 InformationWeek 500

**World's Largest Wine Producer Ranked as Leading IT Innovator**

CHICAGO, Ill. – October 11, 2004 – TIBCO USER CONFERENCE (TUCON™) – TIBCO Software Inc. (NASDAQ: TIBX), a leading enabler of real–time business and the world's largest independent business integration software company, congratulates E. & J. Gallo Winery for receiving the number one ranking in the 2004 InformationWeek 500. The InformationWeek 500 tracks and showcases the most innovative users of information technology, spanning twenty–one industries and a universe of large U.S. companies, and provides unrivaled insight into the companies' business-technology practices. E. & J. Gallo Winery utilizes TIBCO solutions to provide a single view of their extended enterprise – – an example of the kind of cutting edge IT practices that InformationWeek recognizes when compiling the IT innovator ranking.

InformationWeek recognizes E. & J. Gallo Winery's record of successful innovation across its business practices, technology methods and IT–staff management. The scope of Gallo's product line – 95 brands sold across 90 countries – requires IT management to pay close attention to its technology infrastructure. TIBCO technology plays a critical role in managing the diverse landscape that comprises E. & J. Gallo's extended enterprise.

"We congratulate E. & J. Gallo on this achievement," says Ram Menon, senior vice president of Worldwide Marketing, TIBCO Software Inc. "By using technology to increase productivity, promote brand loyalty and make information easily available to employees and business partners, E. & J Gallo continues to demonstrate their place among leading IT innovators."

## About E. & J. Gallo

The E. & J. Gallo Winery currently employs more than 5,000 people and markets its wines throughout the U.S. and over 90 foreign countries, making it one of the largest winemaking operations in the world. Over the past seventy years, E. & J. Gallo Winery has become the world's foremost winery in the art and science of grape growing and winemaking, and in the distribution and marketing of wines worldwide. With five wineries strategically located in various parts of California and access to grapes from vineyards in all of the premier grape-growing areas of California, Gallo produces wines in every category to suit every taste.

## About TIBCO Software

TIBCO Software Inc. (NASDAQ: TIBX) is the leading independent business integration software company in the world, demonstrated by market share and analyst reports. In addition, TIBCO is a leading enabler of Real–Time Business, helping companies become more cost–effective, more agile and more efficient. TIBCO has delivered the value of Real–Time Business, what TIBCO calls The Power of Now®, to over 2,000 customers around the world and in a wide variety of industries. For more information on TIBCO's proven enterprise backbone, business integration, business process management, and business optimization solutions, TIBCO can be reached at +1 650-846-1000 or on the Web at www.tibco.com. TIBCO is headquartered in Palo Alto, CA.

**EXHIBIT**

_D_

6/22/2007

TIBCO the TIBCO logo The Power of Now and TIBCO Software are trademarks or registered trademarks of TIBCO Software Inc. in the United States and/or other countries. All other product and company names and marks mentioned in this document are the property of their respective owners and are mentioned for identification purposes only

Copyright 2006-2007 TIBCO Software Inc. Privacy Policy Terms of Use | Contact | Site Map

# PROOF OF SERVICE

STATE OF CALIFORNIA. COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles. State of California.  I am over the age of 18. and not a party to the within action; my business address is 55 South Lake Avenue, Suite 720. Pasadena. California 91101.

On **June 22, 2007**, I caused to be served the foregoing described as **DECLARATION OF TINA AMIRKHANYAN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER F.R.Civ.P. 12(b)(3) OR TO TRANSFER UNDER 28 U.S.C. §1404(a)** on the interested parties in this action by placing a true copy thereof. enclosed in a sealed envelope addressed as follows:

D. Peter Harvey. Esq.
Raffi V. Zerounian, Esq.
HARVEY SISKIND LLP
4 Embarcadero Center, 39th Floor
San Francisco, Ca 94111

[X]    (MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day. with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]    (PERSONAL SERVICE) I caused the above referenced document to be personally served by hand on at the addresses listed below.

[]    (VIA FEDERAL EXPRESS) I caused such envelope to be delivered overnight to addresses listed above.

[]    (FACSIMILE) I caused the attached document to be transmitted to the above listed addressee.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **June 22, 2007** at Pasadena, California.

Tina Amirkhanyan