HARVEY SISKIND LLP
D. PETER HARVEY (SBN 55712)
Email:  pharvey@harveysiskind.com
RAFFI V. ZEROUNIAN (SBN 236388)
Email:  rzerounian@harveysiskind.com
4 Embarcadero Center, 39th Floor
San Francisco, CA  94111
Telephone:  (415) 354-0100
Facsimile:  (415) 391-7124

G. KIP EDWARDS (SBN 50446)
Email:  kedwards@ltol.com
Mailing address:
P.O. Box 1979
Kings Beach, CA  96143
Delivery address:
1132 Regency Way
Tahoe Vista, CA  96148
Telephone:  (530) 546-5892
Facsimile:  (530) 546-5893

Attorneys for Plaintiff
E. & J. Gallo Winery

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIRA ENTERPRISES, INC., a California corporation<br><br>Defendant. | Case No. C 07-2529 JW<br><br>**MEMORANDUM OF PLAINTIFF E. & J. GALLO WINERY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER THIS ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ....................................................................................................... 1

II.   VENUE IS PROPER IN THIS DISTRICT BECAUSE,
      UNDER THE APPLICABLE VENUE STATUTE,
      DEFENDANT RESIDES IN THIS DISTRICT .......................................................... 2

      A.  Purposeful Availment ....................................................................................... 4

      B.  Gallo's Claims Arise Out of Defendant's Activities in this District...................... 8

      C.  Jurisdiction in This District is Reasonable................................................................ 9

III.  TRANSFER OF THIS CASE TO THE CENTRAL DISTRICT
      OF CALIFORNIA WOULD MERELY SHIFT ANY ALLEGED
      INCONVENIENCE FROM DEFENDANT TO GALLO AND WOULD
      FAIL TO GIVE WEIGHT TO GALLO'S CHOICE OF FORUM,
      RESULTS PROHIBITED BY NINTH CIRCUIT LAW .......................................... 10

      A.  Plaintiff's Choice of Forum .............................................................................. 11

      B.  Where the Operative Events Occurred.............................................................. 12

      C.  Convenience of Parties and Witnesses.............................................................. 12

IV.   ANY TRANSFER OF THE CASE SHOULD BE
      TO THE EASTERN DISTRICT OF CALIFORNIA .................................................. 14

V.    CONCLUSION ....................................................................................................... 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

OPPOSITION TO DEFENDANT'S MOTION TO                    CASE NO. C 07-2529 JW
DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

# TABLE OF AUTHORITIES

Page(s)

## CASES

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*
  860 F.Supp. 128 (S.D.N.Y. 1994) ............................................................... 11

*A.J. Indus., Inc. v. United States District Court for the Central District of California*
  503 F.2d 384 (9th Cir. 1974) ..................................................................... 10

*Advideo, Inc. v. Kimel Broadcast Group, Inc.*
  727 F.Supp. 1337 (N.D. Cal. 1989) ............................................................ 13

*Ballard v. Savage*
  65 F.3d 1495 (9th Cir. 1995) .................................................................. 4, 8

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*
  223 F.3d 1082 (9th Cir. 2000) .................................................................... 3

*Bryant v. ITT Corp & Metropolitan Life Ins. Co.*
  48 F.Supp.2d 829 (N.D. Ill. 1999) ............................................................ 10

*Burger King v. Rudzewicz*
  471 U.S. 462 (1985) ............................................................................. 8, 9

*Calder v. Jones*
  465 U.S. 783 (1984) ................................................................................. 5

*Carrot Bunch Co., Inc. v. Computer Friends, Inc.*
  218 F.Supp.2d 820 (N.D. Tex. 2002) ......................................................... 7

*Chrysler Capital Corp. v. Woehling*
  663 F. Supp. 478 (D. Del. 1987) .............................................................. 10

*Core-Vent Corp. v. Nobel Indus. AB*
  11 F.3d 1482 (9th Cir. 1993) ................................................................. 5, 9

*Data Disc, Inc. v. Systems Tech. Assoc., Inc.*
  557 F.2d 1280 (9th Cir. 1977) ........................................................... 3, 4, 9

*De Moraes v. American Export Isbrandtsen, Inc.*
  289 F.Supp.861 (E.D. Pa. 1968) ............................................................... 13

*Decker Coal Co. v. Commonwealth Edison Co.*
  805 F.2d 834 (9th Cir. 1986) .............................................................. 11, 12

-ii-

*Doe v. American Nat'l Red Cross*
112 F.3d 1048 (9th Cir. 1997) .................................................................................... 3

*Fireman's Fund Ins. Co. v. National Bank of Coops.*
103 F.3d 888 (9th Cir. 1996) ...................................................................................... 3

*Forte Capital Partners v. Cramer*
2007 U.S.Dist. LEXIS 40126 (N.D. Cal. 2007) ........................................................ 12

*Gordy v. Daily News*
95 F.3d 829 (9th Cir. 1996) ........................................................................................ 3

*Gray & Co. v. Firstenberg Machinery Co.*
913 F.2d 758 (9th Cir. 1990) ...................................................................................... 4

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*
328 F.3d 1122 (9th Cir. 2003) .............................................................................. 4, 7, 9

*Helicopteros Nacionales de Columbia, S.A. v. Hall*
466 U.S. 408 (1984) .................................................................................................... 3

*Hernandez v. Graebel Van Lines*
761 F. Supp. 983 (E.D.N.Y. 1991) ........................................................................... 10

*In re Volkswagen AG*
371 F.3d 201 (5th Cir. 2004) .................................................................................... 10

*Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Ltd. P'ship*
34 F.3d 410 (7th Cir. 1994) ........................................................................................ 6

*Jenkins v. Wilson Freight Forwarding Co, Inc.*
104 F.Supp. 422 (S.D.N.Y. 1952) ............................................................................ 13

*Jones v. GNC Franchising, Inc.*
211 F.3d 495 (9th Cir. 2000) .................................................................................... 10

*Kirschner Bros. Oil Inc. v. Pannill*
697 F.Supp. 804 (D. Del. 1988) ............................................................................... 11

*Litmer v. PDQUSA.com*
326 F.Supp.2d 952 (N.D. Ind. 2004) ...................................................................... 6, 7

*Los Angeles Memorial Coliseum Comm. v. National Football League*
89 F.R.D. 497 (C.D. Cal. 1981) ............................................................................... 11

*Neirbo Co. v. Bethlehem Shipbuilding Corp.*, Ltd.
308 U.S. 165 (1939) .................................................................................................... 1

OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

CASE NO. C 07-2529 JW

*New Image, Inc. v. The Travelers Indemnity Co.*
   536 F. Supp. 58 (E.D. Pa. 1981) .............................................................. 10

*PRG-Schultz USA, Inc. v. Gottschalks, Inc.*
   2005 U.S. Dist. LEXIS 42272 (Oct. 17, 2005 N.D. Cal.)........................... 10

*Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.*
   757 F.2d 1058 (9th Cir. 1985)................................................................. 4, 5

*Panavision Int'l, L.P. v. Toeppen*
   141 F.3d 1316 (9th Cir. 1998).................................................................... 6

*Pebble Beach Co. v. Caddy*
   453 F.3d 1151 (9th Cir. 2006).................................................................... 7

*Radical Prods., Inc. v. Sundays Distrib.*
   821 F.Supp. 648 (W.D. Wash. 1992).......................................................... 6, 9

*Roth v. Garcia Marquez*
   942 F.2d 617 (9th Cir. 1991)...................................................................... 4

*Schwarzenegger v. Fred Martin Motor Co.*
   374 F.3d 797 (9th Cir. 2004)................................................................... 4, 7

*S-Fer Intl, Inc. v. Paladion Partners, Ltd.*
   906 F.Supp. 211 (S.D.N.Y. 1995).............................................................. 11

*Sher v. Johnson*
   911 F.2d 1357 (9th Cir. 1990)..................................................................... 7

*Sidco Indus. Inc. v. Wimar Tahoe Corp.*
   768 F.Supp. 1343 (D. Or. 1991)............................................................... 6, 9

*Sinatra v. National Enquirer*
   854 F.2d 1191 (9th Cir. 1988)..................................................................... 4

*Stomp, Inc. v. NeatO, LLC*
   61 F.Supp.2d 1074 (C.D. Cal. 1999) ......................................................... 7, 8

*STX, Inc. v. Trik Stik, Inc.*
   708 F.Supp. 1551 (N.D. Cal. 1988) ..................................................... 10, 11, 12

*Sutter Home Winery, Inc. v. Madrona Vineyards, L.P.*
   2005 U.S. Dist. LEXIS 4581 (N.D. Cal. 2005)........................................... 5, 8

*Tech Heads, Inc. v. Desktop Service Center, Inc.*
   105 F.Supp.2d 1142 (D. Or. 2000) ............................................................. 7

-iv-

*Waste Distillation Technology, Inc. v. Pan American Resources, Inc.*
  775 F.Supp. 759 (D. Del. 1991) ............................................................ 12

*World-Wide Volkswagen Corp. v. Woodson*
  444 U.S. 286 (1980) ............................................................................... 8

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*
  433 F.3d 1199 (9th Cir. 2006) .............................................................. 9

## STATUTES

California Business and Professions Code §§ 14200 *et seq.*. ......................... 2

California Business and Professions Code § 14330 ......................................... 2

California Business and Professions Code § 17200 ......................................... 2

California Civil Code § 3344.1 ........................................................................ 2, 5

California Code of Civil Procedure § 410.10 ................................................... 3

California Corporations Code § 202(c) ............................................................ 1

California Corporations Code § 1502(b) .......................................................... 1

15 U.S.C. §§ 1114 *et seq.* ............................................................................... 2, 4

15 U.S.C. § 1125(c) ......................................................................................... 2

28 U.S.C. § 1391(b) ......................................................................................... 2, 9

28 U.S.C. § 1391(c) ......................................................................................... 2, 9

28 U.S.C. § 1404(a) ......................................................................................... 1, 10, 13

## RULES

Federal Rules of Civil Procedure Rule 30 ...................................................... 13

Federal Rules of Civil Procedure Rule 45(b) ................................................. 13

Federal Rules of Civil Procedure Rule 45(c)(3)(a) ........................................ 13

Local Rule 3-120, United States District Court for the Eastern District of California ................ 11

OPPOSITION TO DEFENDANT'S MOTION TO                    CASE NO. C 07-2529 JW
DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

1   Plaintiff E. & J. Gallo Winery ("Gallo") submits this memorandum in opposition to the

2   motion of defendant Mira Enterprises, Inc. ("Mira" or "defendant") to dismiss this case for lack of

3   improper venue or, in the alternative, to transfer the case to the District Court for the Central District

4   of California pursuant to 28 U.S.C. Section 1404(a) (hereinafter "Def.'s Mem.").  For the reasons

5   stated below, defendant's motion should be denied.

6   **I.    INTRODUCTION**

7   This case arises from Mira's use of the trademark CARLO ROSSI on watches sold in this and

8   other districts.  During his life, Carlo Rossi was an employee of Gallo.  His name and likeness were

9   used by Gallo as a trademark on wines sold throughout the United States, California and this District

10  pursuant to a written agreement between Mr. Rossi and Gallo, and Mr. Rossi spent years acting as a

11  spokesman for the brand.  Declaration of Paul W. Reidl ("Reidl Decl.") at ¶ 5.  This agreement

12  survived Mr. Rossi's death in 1994, and Gallo has continued to use the CARLO ROSSI mark, and

13  Mr. Rossi's likeness and image, on wines sold throughout the United States.  Gallo is the owner of

14  two federal registrations for the CARLO ROSSI mark.  *Id.* at ¶ 6.

15  Gallo is a California corporation with its principal place of business in Modesto, California,

16  located in the Eastern District of California.  Gallo's Western Regional Office that services

17  wholesalers and retailers located in California, Nevada and Hawaii is located in Hayward, California,

18  which is in this District.  Mira is also a California corporation and asserts that its only business office

19  is located in Los Angeles, in the Central District of California.[1]  As required by the California

20  Corporations Code, Mira appointed an agent for service of process in California and thus consented

21  to be sued anywhere in the state.  *See* Cal. Corp. Code §§ 202(c) (articles of incorporation requiring

22  an agent for service of process); 1502(b) (annual statement as requiring designation of agent for

23  service of process); *Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd.*, 308 U.S. 165, 170 (1939)

24

25

---

26  [1]  Def.'s Mem. at 2; Declaration of Sunil Lalwani ("Lalwani Decl."), at ¶2.  Mira's website, however,
    boasts that Mira has "warehouses located in Los Angeles, Miami, and New York, [and] Mira has
27  emerged as a world leader in the importing and distributing of watches and electronics."  *See* Reidl
    Decl. at ¶ 11; Exh. 3.

OPPOSITION TO DEFENDANT'S MOTION TO                                  CASE NO. C 07-2529 JW
DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

1    (designation of agent for service of process constitutes consent to be sued in state and federal courts

2    of the state); Reidl Decl. at ¶ 12.

3         Defendant has so far offered no explanation for its choice of Gallo's CARLO ROSSI to

4    identify the watches it sells.  It seems plain that Defendant has adopted the all-too-familiar practice of

5    importing from overseas unauthorized, cheap merchandise bearing a famous trademark in order to

6    capitalize on that mark's goodwill.  In any event, defendant admits that it sells the offending watches

7    to customers located in the Northern District of California.

8         Gallo's complaint asserts claims for trademark infringement and dilution under the Lanham

9    Act, a claim for violation of the California Celebrity Image Protection Act, California trademark

10   infringement and dilution, California unfair competition and common law unjust enrichment.  Gallo's

11   complaint seeks an injunction prohibiting further sales of CARLO ROSSI watches, statutory

12   damages, the amount by which defendant has been unjustly enriched by its unlawful conduct, an

13   order canceling defendant's federal trademark registration of the CARLO ROSSI mark, and

14   attorneys' fees and costs.

15        As shown below, venue is proper in this District because, under the applicable venue statute,

16   defendant "resides" in this District.  Moreover, defendant must make a compelling showing to

17   overcome Gallo's choice of forum and it has failed to do so.  Any transfer of this case to the Central

18   District would merely shift any inconvenience from defendant to Gallo, a result prohibited by Ninth

19   Circuit law.  Finally, if the Court is otherwise inclined to transfer the case, it should transfer it to the

20   Eastern District of California, a forum that is Gallo's principal place of business and a forum that

21   would be equally convenient to defendant and its non-party witnesses.

22
23   **II.    VENUE IS PROPER IN THIS DISTRICT BECAUSE, UNDER THE APPLICABLE
         VENUE STATUTE, DEFENDANT RESIDES IN THIS DISTRICT.**

24        Venue for this action, not founded solely on diversity of citizenship, is determined by 28

25   U.S.C. § 1391(b).  This section provides that, among other things, venue is proper where the

26   defendant resides.  Under Section 1391(c), a corporate defendant, such as Mira, is deemed to reside

27   in any district of a state with more than one district where "its contacts would be sufficient to subject

-2-

1  it to personal jurisdiction if that district were a separate State."   Thus, the issue for venue purposes is

2  whether defendant's contacts with the Northern District of California, treating the district as if it were

3  a state, are sufficient to subject it to personal jurisdiction.

4        California's long-arm statute, Cal. Civ. Proc. § 410.10, extends jurisdiction to the limits of

5  due process.  *Gordy v. Daily News*, 95 F.3d 829, 831 (9th Cir. 1996).  Thus, the issue is whether the

6  exercise of jurisdiction over Mira by this Court would comport with due process.  In this regard, and

7  as Mira notes, the Ninth Circuit has established two bases for personal jurisdiction:   general

8  jurisdiction, which permits the exercise of jurisdiction over all claims, whether or not related to the

9  defendant's contacts with the "state," and specific jurisdiction, which exists when the defendant's

10  contacts with the forum give rise to the claims asserted by plaintiff.  *Helicopteros Nacionales de*

11  *Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984); *Doe v. American Nat'l Red Cross*, 112 F.3d

12  1048, 1050-51 (9th Cir. 1997).

13        The exercise of general jurisdiction requires that defendant's contacts with the forum be so

14  "continuous and systematic" as to approximate a physical presence in that district.  *Bancroft &*

15  *Masters, Inc. v. Augusta Nat'l, Inc*., 223 F.3d 1082, 1086 (9th Cir. 2000).  Relevant to this issue is

16  whether the defendant makes sales in the forum (Mira concedes that it does so), solicits or engages in

17  business (Mira does so through its website, miraent.com, discussed below), serves the forum's

18  markets (Mira concedes that it does), has an agent for service of process (Mira, as a California

19  corporation, designated an agent for service of process in California and thereby authorized suit

20  throughout the state), holds a license (Mira is a California corporation) or has employees in the

21  district (Mira asserts that it does not).  This Court need not decide the issue of general jurisdiction,

22  however, because, as shown below, the case for exercise of specific jurisdiction is overwhelming.

23        To establish specific jurisdiction, three things must be shown:  (1) defendant did some act or

24  consummated some transaction in the district by which it purposefully availed itself of the privilege

25  of conducting activities in the district; (2) plaintiff's claims arise out of that activity; and (3) the

26  exercise of jurisdiction is reasonable.  *Data Disc, Inc. v. Systems Tech. Assoc., Inc*., 557 F.2d 1280,

27  1287 (9th Cir. 1977); *Fireman's Fund Ins. Co. v. National Bank of Coops.,* 103 F.3d 888, 894 (9th

1   Cir. 1996); *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  Each of these requirements is

2   easily satisfied here.  To carry its burden of establishing venue, Gallo need only establish a prima

3   facie case for jurisdiction.  *See Data Disc*, 557 F.2d at 1285 ("If the court determines that it will

4   receive only affidavits or affidavits plus discovery materials, these very limitations dictate that a

5   plaintiff must make only a prima facie showing of jurisdictional facts through the submitted materials

6   in order to avoid a defendant's motion to dismiss."); *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell &*

7   *Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) ("plaintiff need only make a prima facie showing

8   of jurisdiction to avoid the defendant's motion to dismiss"); *Schwarzenegger v. Fred Martin Motor*

9   *Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("Conflicts between parties over statements contained in

10  affidavits must be resolved in plaintiff's favor.")

11      **A.    Purposeful Availment**

12      As the Ninth Circuit has stated, "[p]urposeful availment analysis examines whether the

13  defendant's contacts with the forum are attributable to his own actions or are solely the actions of the

14  plaintiff."  *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988).  To establish

15  purposeful availment, the plaintiff must show that defendant "engage[d] in some form of affirmative

16  conduct allowing or promoting the transaction of business within the forum state."  *Gray & Co. v.*

17  *Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir. 1990); *Harris Rutsky,* 328 F.3d at 1130.

18      The case law on purposeful availment has created a distinction between contract cases and

19  tort cases.  Violations of the Lanham Act and related state statutes are in the nature of tort cases.  In

20  tort cases, specific jurisdiction is established if the defendant engages in an act that has an effect in

21  the forum, even if the act itself takes place outside the forum.  *Roth v. Garcia Marquez*, 942 F.2d 617,

22  621 (9th Cir. 1991); *Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1064

23  (9th Cir. 1985).  As the Ninth Circuit has stated:

24          The commission of an intentional tort in a state is a purposeful act that will
            satisfy the first two requirements under *Data Disc* [557 F.2d at 1288]. A tortious
25          act, standing alone, can satisfy all three requirements under *Data Disc* if the act
            is aimed at a resident of the state or has effects in the state.
26

27

1   *Paccar, supra*, 757 F.2d at 1064.  Under the so-called "*Calder* effects" test, the defendant must know

2   that the harm from its intentional conduct in the forum is likely to be suffered in the forum.  *Calder v.*

3   *Jones*, 465 U.S. 783, 789 (1984); *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1486 (9th Cir.

4   1993).

5         Here, Mira is accused of trademark infringement, dilution and related claims, and violations

6   of the California Celebrity Image Protection Act, all of which are intentional torts.  Its own

7   declarations admit that it has made sales in the Northern District of California.  Lalwani Decl., at ¶15-

8   17.  It does not—and could not—deny that it was aware of Gallo and of Gallo's sales throughout the

9   United States, including this District.  Reidl Decl. at ¶ 4.  Prior to the filing of this case, the parties

10  were involved in a cancellation proceeding before the United States Patent and Trademark Office.

11  Thus, Mira can hardly claim that it did not know of Gallo, its business, and its ownership of the

12  CARLO ROSSI marks.[2]  Moreover, Mira admits that it has made substantial sales in this District, and

13  has at least three customers in this District that have purchased Mira's infringing CARLO ROSSI

14  watches, and has at least thirteen customers of its other products in this District.[3]  *See* Lalwani Decl.,

15  at ¶ 15-17.

16        Thus, Mira has not only conducted business and committed intentional torts in this District,

17  but its conduct has had wrongful effects in this District—it is beyond dispute that the effects of

18  trademark violations occur in the forum where the infringing products are sold or offered for sale or

19  where the infringing brochures and advertisements are circulated because that is where the confusion

20  or dilution occurs and where plaintiff's business is harmed.  *See Sutter Home Winery, Inc. v.*

21  *Madrona Vineyards, L.P.*, 2005 U.S. Dist. LEXIS 4581 at *13 n.2  (N.D. Cal. March 23, 2005) ("In a

22  trademark infringement action, 'the actionable wrong takes place both where infringing labels are

23  affixed to the goods and where confusion of purchasers is likely to occur.'") (citations omitted)

24

25  [2]  The PTO proceeding was suspended by agreement of the parties shortly after this case was filed.
    [3]  It is not clear if Mira states its total number of customers in the Northern District, or has simply
26  provided its estimate of customers there.  Mira also does not provide its total sales in the District.
    Rather, Mira has only evaluated sales "on 17 representative models of CARLO ROSSI watches *out of*
27  *a total of 80* CARLO ROSSI models."  Lalwani Decl. at ¶ 13 (emphasis added).  Therefore, Mira's
    "guesstimate" may undercount its sales figures in this District.

OPPOSITION TO DEFENDANT'S MOTION TO                 CASE NO. C 07-2529 JW
DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

1    (Patel, J.); *Sidco Indus. Inc. v. Wimar Tahoe Corp.*, 768 F.Supp. 1343, 1346-47 (D. Or. 1991) ("The

2    cause of action for a trademark violation arises in the place where the confusion is likely to occur.");

3    *Radical Prods., Inc. v. Sundays Distrib.*, 821 F.Supp. 648, 650 (W.D. Wash. 1992) (no products sold

4    in the forum but defendant mailed brochures with infringing trade dress to the forum; "It therefore

5    seems clear that confusion over the 'trade dress' is likely to occur in Washington" and thus venue "is

6    proper in either California or Washington, with a substantial part of the events taking place in both

7    states."); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321-22 (9th Cir. 1998) ("Because the

8    Indianapolis Colts used their trademarks in Indiana, any infringement of those marks would create an

9    injury which would be felt mainly in Indiana, and this, coupled with the defendant's 'entry' into the

10   state by the television broadcasts, was sufficient for the exercise of personal jurisdiction.") (citing and

11   quoting *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Ltd. P'ship*, 34 F.3d 410,

12   411 (7th Cir. 1994)).

13        Second, while Mira asserts that it does no advertising or promotion of its products, other than

14   attending trade shows (Lalwani Decl. at ¶ 6), Mira fails to advise the Court that it has a website on

15   the Internet, found at www.miraent.com, on which Mira markets and sells its goods.  Describing

16   itself as "a world leader in the importing and distributing of watches and electronics" with

17   warehouses in Los Angeles, Miami and New York, Mira's website, among other things, contains an

18   online catalog.  Reidl Decl. at ¶ 11; Exh. 3.  Mira's online catalog, which includes prices and product

19   numbers, represents only a "sample" of Mira's available products.  *Id*.  Mira's products can be

20   ordered via the website using the "Order Products" function on the "Contact" page.  *Id*.  Mira's

21   miraent.com website is "interactive," because a visitor may exchange information with Mira through

22   its website.  *See Litmer v. PDQUSA.com*, 326 F.Supp.2d 952, 957 (N.D. Ind. 2004) (an interactive

23   website "allows the user to exchange information with [the website] . . .").  Websites are considered

24   "interactive" even if they do not accept credit cards.  *Id*. (holding purposeful availment prong met

25   even though defendant's interactive website did not accept credit card information).  Although Mira

26   failed to even mention its website in its motion and accompanying declarations, whether Mira has

27

OPPOSITION TO DEFENDANT'S MOTION TO                                    CASE NO. C 07-2529 JW
DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

1    any actual sales from its website is not important, given that the website continues to actively solicit

2    sales over the Internet.

3          Sales of CARLO ROSSI watches to customers in this District, conceded by Mira, are plainly

4    sufficient to establish specific jurisdiction. [4]  The existence of an interactive website on which Mira

5    advertises and offers to sell its products is an additional fact supporting the exercise of jurisdiction in

6    this District.  *See Stomp, Inc. v. NeatO, LLC* 61 F.Supp.2d 1074, 1078 (C.D. Cal. 1999) ("By

7    advertising and offering its products for sale via the internet, [defendant] has placed its products into

8    the stream of commerce intending that they would be purchased by consumers with access to the

9    Web, including California citizens."); *Tech Heads, Inc. v. Desktop Service Center, Inc*., 105

10   F.Supp.2d 1142, 1151 (D. Or. 2000); *Carrot Bunch Co., Inc. v. Computer Friends, Inc*., 218

11   F.Supp.2d 820, 826 (N.D. Tex. 2002); *Litmer*, 326 F.Supp.2d at 957.

12         Mira asserts that it "has not conducted activities within this district," and therefore concludes

13   that it has not purposefully availed itself of the privileged of doing business in this District.  Def.'s

14   Mem. at 8-9.  Mira essentially argues that since it did not "reach into" the Northern District with its

15   advertisements, or solicit business there, Mira's sales to the Northern District are irrelevant.  *Id*.

16   ("Mira's limited actions affecting this district were directed from the Central District of California";

17   "Mira neither committed any intentional tortious act, aimed it [sic] at this district, nor 'knew' that any

18   'harm' was 'likely to be suffered' from its sales of its CARLO ROSSI watches in this district"); *see*

19   *also* Lalwani Decl. ¶¶ 13-19.  This is simply not true.  Physical presence in a district or soliciting

20

21   ---

[4]  Many of the cases cited by Mira to argue that venue does not exist actually support Gallo.  In

22   *Pebble Beach Co. v. Caddy,* 453 F.3d 1151 (9th Cir. 2006), defendant, a U.K. resident, had no
contact with the forum other than a passive website advertising its bed and breakfast.  The Ninth

23   Circuit noted that there was no evidence that defendant "ha[d] performed some act or consummated
some transaction with the forum or otherwise purposefully availed [itself] of the privileges of

24   conducting activities in the forum".  *Id*. at 1155 (citations omitted).  Here, of course, Mira *has*
performed acts and consummated transactions in the forum and its website is interactive.  Similarly,

25   in *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797 (9th Cir. 2004), defendant had no contact
with the forum and the Ninth Circuit expressly noted that "the distribution in the forum state of goods

26   originating elsewhere" would establish purposeful availment.  *Id*. at 803; *see also Harris Rutsky &*
*Co. Ins. Servs., Inc. v. Bell & Clements Ltd*., 328 F.3d 1122, 1130 (9th Cir. 2003) ("The purposeful

27   availment requirement is met if the defendant 'performed some type of affirmative conduct which
allows or promotes the transaction of business within the forum state.'") (quoting *Sher v. Johnson*,
911 F.2d 1357, 1362 (9th Cir. 1990)).

OPPOSITION TO DEFENDANT'S MOTION TO                                   CASE NO. C 07-2529 JW
DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

1    advertisements there is not necessary to establish purposeful availment. *See World-Wide Volkswagen*

2    *Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980) (noting that a "forum State does not exceed its

3    powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that

4    delivers its products into the stream of commerce with the expectation that they will be purchased by

5    consumers in the forum State"); *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) ("It is not

6    required that a defendant be physically present within, or have physical contacts with, the forum,

7    provided that his efforts 'are purposefully directed' toward forum residents.") (quoting *Burger King*

8    *v. Rudzewicz*, 471 U.S. 462, 476 (1985)); *Stomp*, 61 F.Supp.2d at 1078 (purposeful availment prong

9    met based upon website and sales in forum manufactured by plaintiff).

10    Moreover, it strains credulity to argue that the sale of infringing products in this District was

11    the result of unilateral third-party conduct. Mira admits that it has sold infringing products to at least

12    three of its customers in this District, and that Mira has at least 13 total customers here.[5] *See* Lalwani

13    Decl. ¶ 17. When Mira sells goods to a purchaser in the Northern District, it intends that its products

14    go to that District. If Mira's products cause harm in a district, it should not be surprised to be sued

15    there since Mira had purposefully availed itself of the benefits and protections of the laws of that

16    District based upon its contacts there. *See World-Wide Volkswagen*, 444 U.S. at 297-98. The fact

17    that Mira's products are sent from its warehouse in the Central District, or that Mira does not

18    advertise in this District in addition to its website, does not shield Mira from personal jurisdiction in

19    this District.

20    **B.    Gallo's Claims Arise Out of Defendant's Activities in this District**

21    Mira does not dispute, nor could it, that Gallo's claims arise out of Mira's sales of products

22    bearing the CARLO ROSSI mark, in this District and elsewhere.[6] To the extent that Mira asserts that

23    _____

24    [5] Tellingly, Mira did not mention its total dollar amount of sales in this District for all of its products
     in the Lalwani Declaration, even though it listed its percentage of sales in this District compared to its

25    total sales for all products. Presumably, this is because Mira's total sales in this District are
     substantial, and specifying that figure would make even clearer that Mira has purposefully availed
     itself of the privilege of doing business in this District. *See* Lalwani Decl. ¶ 16.

26    [6] Likewise, Mira's sales of products that infringe Gallo's trademarks in this District establishes
     venue under Section 1391(b)(2) because a "substantial part of the events and omissions giving rise to

27    the claim occurred" in this District. *See, e.g., Sutter Home Winery*, 2005 U.S. Dist. LEXIS 4581 at
     *13 n.2 (venue is proper in the Northern District event though "only a small percentage of the

-8-

1  venue in a case such as this is proper in only one district, it is wrong.  Under Section 1391(b), venue

2  may be proper in more than one district.[7]

3  **C.    Jurisdiction in This District is Reasonable**

4  Once purposeful availment is established, defendant may defeat jurisdiction only by

5  "present[ing] a compelling case that the presence of some other consideration would render

6  jurisdiction unreasonable."  *Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1487 (9th Cir. 1993)

7  (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985)); *Harris Rustsky,* 328 F.3d 1122,

8  at 1132.   Mira has identified no such consideration (as opposed to its claim that transfer would be

9  more *convenient* for *it*).  Thus, jurisdiction in this District is presumed reasonable.

10  Moreover, as the Ninth Circuit noted in *Data Disc, supra,* "[a] state has a special interest in

11  exercising jurisdiction over those who have committed tortious acts within the state. . . .  California's

12  interest in regulating tortious conduct and the purposefulness of [defendant's] behavior lead to the

13  conclusion that the exercise of jurisdiction would be fair and reasonable."  557 F.2d at 1288-89.

14  ///

15  ///

16  ///

17  ///

18

19  allegedly infringing wine sales were shipped" there because "some potential purchasers of plaintiff's
20  wine who reside in this district may be confused by defendant's use of [a confusingly similar
   trademark]"); *Sidco,* 768 F.Supp. at 1346-47 ("The cause of action for a trademark violation arises in
21  the place where the confusion is likely to occur.") (citations omitted); *Radical Prods.,* 821 F.Supp. at
   649-650.
22  [7] As the plain language of Section 1391(c) makes clear, Mira is subject to jurisdiction in *any* district
   of a state that has more than one district where its contacts with the district support the exercise of
23  personal jurisdiction.  Moreover, the language of Section 1391(b) that makes venue proper where "a
   substantial part of the events or omissions giving rise to the claim," was substituted for the former
24  language of "where the claim arose" and "contemplates that there may be more than one district in
   which a substantial part of the events giving rise to the claim occurred."  *Sidco,* 768 F.Supp. at 1346;
25  *see also Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 433 F.3d 1199, 1207 (9th
   Cir. 2006) ("If a jurisdictionally sufficient amount of harm is suffered in the forum state, it does not
26  matter that even more harm might have been suffered in another state."); *Radical Prods.,* 821 F.Supp.
   at 650 ("venue in this case is proper in either California or Washington, with a substantial part of the
27  events taking place in both states.")

1
2
3

**III.    TRANSFER OF THIS CASE TO THE CENTRAL DISTRICT OF CALIFORNIA WOULD MERELY SHIFT ANY ALLEGED INCONVENIENCE FROM DEFENDANT TO GALLO AND WOULD FAIL TO GIVE WEIGHT TO GALLO'S CHOICE OF FORUM, RESULTS PROHIBITED BY NINTH CIRCUIT LAW.**

4    Reduced to its essentials, Mira's argument in support of transferring this case to the Central

5    District of California comes down to an assertion that venue in that District would be more

6    convenient for it and its witnesses.  As discussed below, Ninth Circuit law is quite clear that transfer

7    is improper where it would simply shift the alleged inconveniences from one party to the other.[8]

8    The applicable statute, 28 U.S.C. Section 1404(a) provides that "[f]or the convenience of

9    parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

10    other district or division where it might have been brought."  The decision on a 1404(a) motion lies

11    within the broad discretion of the district court. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495,

12    498 (9th Cir. 2000).  Defendant's burden is a heavy one:  as former Chief Judge Peckham of this

13    District stated, in seeking to transfer, "defendant bears a heavy burden of proof to justify the

14    necessity of the transfer."  *STX, Inc. v. Trik Stik, Inc.*, 708 F.Supp. 1551, 1555 (N.D. Cal. 1988).

15

16

---

17    [8] The cases cited by Mira regarding the convenience factors either support Gallo or are

18    distinguishable.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) (affirming district court's order denying motion to transfer under Section 1404(a)); *A.J. Indus., Inc. v. United States*

19    *District Court for the Central District of California*, 503 F.2d 384 (9th Cir. 1974) (with little discussion of the propriety of transfer, court transferred case to district where previous action was

20    pending); *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) (case filed in district with absolutely no relationship to car accident that was the basis of suit); *PRG-Schultz USA, Inc. v.*

21    *Gottschalks, Inc.*, 2005 U.S. Dist. LEXIS 42272, *11 (Oct. 17, 2005 N.D. Cal.) (case originally filed in Northern Distinct; "There is no allegation that any of the events giving rise to the instant action

22    took place in the Northern District."); *Bryant v. ITT Corp & Metropolitan Life Ins. Co.*, 48 F.Supp.2d 829, 835 (N.D. Ill. 1999) (defendant sought transfer to Kentucky, the forum of plaintiff's residence,

23    and the plaintiff's "medical condition in Kentucky . . . is relevant to the dispute as plaintiff "was treated by Kentucky doctors"); *New Image, Inc. v. The Travelers Indemnity Co.*, 536 F. Supp. 58, 59

24    (E.D. Pa. 1981) ("the moving party seeks to have the case transferred to a judicial district embracing both plaintiff's sole place of business and the residence of plaintiff's principals," as well as the site of

25    the fire, which is the subject of this suit); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990 (E.D.N.Y. 1991) (plaintiff filed suit in New York, which is not where he resided at the time of the

26    accident, where plaintiff's action was "a personal injury action that arose out of a two-vehicle accident that took plan in the State of Florida"); *Chrysler Capital Corp. v. Woehling*, 663 F. Supp.

27    478, 482 (D. Del. 1987) ("[Plaintiff] has no real connection with Delaware" where it filed suit, and defendant seeks transfer to a district that is only 57 miles from plaintiff's principal place of business, and thus plaintiff "should also benefit from a transfer to the District of New Jersey").

-10-

1          A.      **Plaintiff's Choice of Forum**

2          Mira seriously mis-states the weight accorded to plaintiff's choice of forum, asserting that

3   plaintiff's choice of forum is given "deference." Def's Mem. at 20. In fact, as the Ninth Circuit has

4   held, defendant "must make a strong showing of inconvenience to warrant upsetting plaintiff's choice

5   of forum." *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir. 1986);

6   *accord STX, Inc., supra*, 708 F.Supp. at 1556 (plaintiff's choice of forum should not be easily

7   overturned); *Los Angeles Memorial Coliseum Comm. v. National Football League,* 89 F.R.D. 497,

8   499 (C.D. Cal. 1981) (same).

9          Mira appears to argue that Gallo's choice of this District should be disregarded because

10  Gallo's principal place of business is in the Eastern District of California.[9] This plainly exalts form

11  over substance. Gallo's office is located in Modesto, Stanislaus County. Under Local Rule 3-120 of

12  the Eastern District, dealing with intra-district venue, venue for this case in the Eastern District would

13  be in Fresno, not Sacramento. All three of the cities in which this District's Judges sit (San

14  Francisco, San Jose and Oakland) are equally convenient for Gallo as is Fresno. In fact, the Court

15  where the case is pending (San Jose) is closer than is Fresno.

16         There are additional reasons for Gallo's choice of this District. First, as explained in the Reidl

17  Declaration, Gallo did not file this case in the Eastern District because it had no information

18  suggesting that Mira had made sales into that District and thus it could not allege that the Court had

19  venue in that District. Reidl Decl. at ¶ 10. Thus, this District was the closest to Gallo's principal

20  place of business where personal jurisdiction could be asserted. *See Kirschner Bros. Oil Inc. v.*

21  *Pannill*, 697 F.Supp. 804, 806 (D. Del. 1988) (corporate plaintiff's "home turf" defined as "the forum

22  closest to the [plaintiff's] home in which [plaintiff] could effect personal service over the principal

23  defendant."). Second, Gallo's Western Region Office is located in this District and that office

24  _____

25  [9] For purposes of ruling on a motion to transfer, several courts have held that the plaintiff's state of
    incorporation should be deemed its "residence," not its principal place of business. *S-Fer In'tl, Inc. v.*
26  *Paladion Partners, Ltd.*, 906 F.Supp. 211, 214 (S.D.N.Y. 1995); *800-Flowers, Inc. v.*
    *Intercontinental Florist, Inc.*, 860 F.Supp. 128, 135 (S.D.N.Y. 1994).
27

1  services wholesalers and retailers located throughout California, Nevada and Hawaii.  Reidl Decl. at ¶

2  4.  Third, Gallo has learned that the infringing and diluting CARLO ROSSI watches are being sold on

3  eBay, a company whose headquarters are located in this District.  *Id.* at ¶ 10.  Finally, on a more

4  practical level, it is well-known that the Eastern District has had to deal with a vacancy for years, a

5  vacancy that was finally filled with the confirmation of Judge O'Neill earlier this year.  *Id.* at ¶ 13.

6  As a result, the number of actions per Judge in the Eastern District in 2006 was 1,176 while the

7  number of actions per Judge in this District is less than one-half (583).  *Id.* at ¶ 14; Exh. 5;

8  Amirkhanyan Decl., Exh. B.

9         Mira has made no showing sufficient to upset Gallo's choice of this forum.

10        **B.**     **Where the Operative Events Occurred**

11        Mira's claim that none of the operative events took place in this District is, of course,

12 demonstrably false.  As discussed above, Mira has made substantial sales into this District and

13 operates an interactive website available to residents of this District.  Reidl Decl. at ¶ 11; Exh. 3.

14 More importantly, and as also discussed above, the harm to Gallo occurs where the sales take place.

15 Even taking Mira's "sample" of its sales at face value, its own statistics demonstrate that a majority

16 of its infringing and diluting sales take place outside the Central District of California.  *See Waste*

17 *Distillation Technology, Inc. v. Pan American Resources, Inc.,* 775 F.Supp. 759, 766 (D. Del. 1991)

18 (denying transfer to claimed "center of gravity" where many of the allegedly wrongful acts occurred

19 outside that district).

20        **C.**     **Convenience of Parties and Witnesses**

21        Transferring this case to the Central District of California will inconvenience Gallo and its

22 party-witnesses, while denying transfer will allegedly inconvenience Mira and the two principals of

23 Mira.  Gallo anticipates calling at least five party-witnesses and thus a simple "head count" of party-

24 witnesses favors Gallo.  But more importantly, in these circumstances, where a transfer simply shifts

25 inconvenience from one party to the other, transfer should be denied.  *See Decker Coal Co., supra,*

26 *805 F.2d at 84* (transfer denied where gain in convenience to one party is offset by added

27 inconvenience to another)*; STX, Inc., supra,* 708 F.Supp. at 1556; *Forte Capital Partners v. Cramer,*

-12-

2007 U.S.Dist. LEXIS 40126 at *18 (N.D. Cal. May 14, 2007).[10]  This is especially true where, as here, the forum and the proposed transferee district are adjoining districts or are located in the same state.  *See De Moraes v. American Export Isbrandtsen, Inc*., 289 F.Supp.861, 862 (E.D. Pa. 1968) ("the distance between the City of New York and Philadelphia is not so great as to cause defendant any serious inconvenience in trying the case in Philadelphia"); *Jenkins v. Wilson Freight Forwarding Co, Inc.,* 104 F.Supp. 422, 425 (S.D.N.Y. 1952) (proposed transfer from Southern District of New York to District of New Jersey; "section 1404(a) was no more intended for the instant proposed transfer than for a transfer from the Southern District of New York to the Eastern District of New York or vice versa.  It was designed and reserved for those instances where the transfer was sought to a District Court substantially distant from the district where the action had been instituted; otherwise it is difficult to imagine that there could be real inconvenience to the parties or witnesses.")

Mira's principal argument in support of transfer is that it claims the need to call 11 non-party witnesses, all located in Los Angeles.  Mira's vice-president, Mr. Lalwani, speculates that these witnesses "may refuse to appear voluntarily due to the fear of being sued and the distraction from their business activities, especially if they have to choose whether to take the substantial time to travel to San Francisco [sic] from Southern California to testify."  Lalwani Decl. at ¶ 8.  Mr. Lalwani's speculation aside, the argument ignores the Federal Rules of Civil Procedure.  If these witnesses are really necessary to Mira's defense (see below), their pretrial testimony may be taken by deposition and those depositions will necessarily occur where those witnesses reside.  *See* Fed. R. Civ. Pro. 45(b) (subpoena may be served outside the district within 100 miles of place of deposition).  And, as Mira concedes (Def's Mem. at 20), each of these witnesses can be summoned to testify at trial.  Rule 45(c)(3)(a).  If, for some reason, these witnesses cannot be summoned to appear at trial, their deposition testimony may be used at trial under Rule 30.

---

[10]  Mira's plea that it is a small company and Gallo is a large company is an irrelevant consideration in ruling on a transfer motion.  *Advideo, Inc. v. Kimel Broadcast Group, Inc*., 727 F.Supp. 1337, 1342 (N.D. Cal. 1989) (fact that party seeking transfer cannot afford to litigate in existing forum and party opposing transfer has greater resources is no basis for transfer).

1    There is, however, serious doubt about the necessity of this laundry list of third-party

2    witnesses.  It is well-established that a party seeking transfer must specifically identify the witnesses

3    and provide a general statement of what their testimony will cover.  Here, while Mira has identified

4    11 witnesses, it has not explained or provided a description of their testimony, why their testimony is

5    necessary, whether their testimony is not cumulative, whether there are witnesses in this District that

6    could provide the same testimony, why their testimony cannot be submitted by deposition (neither

7    party has asked for a jury) and whether the witnesses will not or cannot testify in this District.

8    To the extent Mira has attempted to discharge its burden on the issue of third-party witnesses,

9    it states that they will testify about "(1) the limitation of Defendant's CARLO ROSSI products to

10   watches; (2) the absence of instances of actual confusion concerning CARLO ROSSI watches; (3) the

11   types of consumers of Defendants' [sic] CARLO ROSSI products; (4) the marketing channels for the

12   allegedly infringing products; (5) the price points at which the allegedly infringing products are sold

13   to consumers, etc." Def's Mem. at 11.  Assuming Mira discharges its obligation to respond fully to

14   discovery, each of these subjects should be the subject of fact stipulations by the time of trial.  Each

15   will obviously be the subject of deposition and other discovery and it is difficult to imagine why they

16   would not be the subject of the "Admitted Facts" of the Joint Pretrial Conference Statement—e.g.,

17   either Mira limits its use of the CARLO ROSSI mark to watches or it does not, either Gallo has

18   evidence of actual confusion or it does not, etc.

19

20   **IV.    ANY TRANSFER OF THE CASE SHOULD BE TO THE EASTERN DISTRICT
        OF CALIFORNIA.**

21   As noted earlier, among other reasons Gallo did not file this case in the Eastern District of

22   California is that the bench of that Court is currently overburdened and the travel time for Gallo to

23   San Jose is less than the travel time to Fresno.  Mira, however, impliedly asserts that the case should

24   have been filed in the Eastern District because that is where Gallo's principal place of business is

25   located.  While Gallo believes that a transfer to that District would not be in furtherance of the overall

26   efficient administration of the federal courts, Gallo respectfully suggests that if the Court is inclined

27   to transfer the case, it should transfer it to the Eastern District.

-14-

1

## V.    CONCLUSION

Venue is proper is this District.  Mira is a California corporation, has appointed an agent for service of process in California, has sold infringing and diluting products in this District and maintains an interactive website accessible to residents of this District.  Alternatively, Mira has not made the showing necessary to carry its heavy burden of displacing Gallo's choice of forum and transfer to the Central District would merely shift any inconvenience from Mira to Gallo.

Gallo respectfully submits that Mira's motion should be denied.

Dated:  September 28, 2007

Respectfully submitted,
HARVEY SISKIND LLP
D. PETER HARVEY
RAFFI V. ZEROUNIAN

G. KIP EDWARDS

By:  _____/s/_____
                Raffi V. Zerounian

Attorneys for Plaintiff,
E. & J. GALLO WINERY

-15-