HARVEY SISKIND LLP
D. PETER HARVEY (SBN 55712)
Email: pharvey@harveysiskind.com
RAFFI V. ZEROUNIAN (SBN 236388)
Email: rzerounian@harveysiskind.com
4 Embarcadero Center, 39th Floor
San Francisco, CA 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

G. KIP EDWARDS (SBN 50446)
Email: kedwards@ltol.com
Mailing address:
P.O. Box 1979
Kings Beach, CA 96143
Delivery address:
1132 Regency Way
Tahoe Vista, CA 96148
Telephone: (530) 546-5892
Facsimile: (530) 546-5893

Attorneys for Plaintiff
E. & J. Gallo Winery

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> MIRA ENTERPRISES, INC., a California corporation <br><br> Defendant. | Case No. C 07-2529 JW <br><br> **DECLARATION OF PAUL W. REIDL IN SUPPORT OF PLAINTIFF E. & J. GALLO WINERY'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER THIS ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA** |

I, Paul W. Reidl, hereby declare as follows under penalty of perjury:

1. My name is Paul W. Reidl. I am a 1980 graduate of The George Washington University National Law Center. I am employed by E. & J. Gallo Winery ("Gallo") as Associate General Counsel. I joined Gallo in February 1991. I am a member of the bar of this Court and of the Eastern District of California, among others.

2. Prior to joining Gallo I was a member of the antitrust and litigation groups of Crowell & Moring, then a 200 lawyer firm in Washington, D.C. My practice encompassed administrative and civil litigation as well as white collar criminal matters. My practice at Gallo continues to have a strong litigation component and I have represented Gallo in a variety of litigation matters, principally in the trademark area. My current responsibilities at Gallo include the global trademark program and other intellectual property and international matters.

3. I have written and spoken on a number of trademark-related topics, including trademark dilution, trademark surveys, wine labeling law, geographic indications, licensing and franchising, trademark law treaties, and trademark enforcement programs. I have taught the section on *Creating and Managing a Global Trademark Portfolio* in the Practicing Law Institute's Basic Trademark Law course since 1999. In November 2006 and February 2007 I gave presentations on the Trademark Dilution Law Revision Act of 2006 and on Geographic Indications at the George Washington University Law School's Dean Dinwoody Intellectual Property Law Center. I was the 2006 President of the global association of trademark owners and professionals, the International Trademark Association.

4. For many years before and during my employment with Gallo, the company has maintained its Western Regional Office in the Bay Area. The function of the sales office has been to provide sales and field marketing support services to the wholesalers and retailers of Gallo's products, including CARLO ROSSI wines. The Western Regional Office is currently located in Hayward, California. Since at least 1991, the geographic territory covered by this office has encompassed at least Northern California. The current territory of the Western Regional Office covers the states of California, Hawaii, and Nevada.

5. I personally knew Charlie "Carlo" Rossi. He was a Gallo employee whose name and likeness was used on the CARLO ROSSI brand of wine. Until shortly before his death in 1994, Mr. Rossi was the spokesman for the CARLO ROSSI brand. He made public appearances, gave interviews, and appeared on labels, promotional materials, and advertising for the brand. Mr. Rossi and Gallo entered into an agreement in which he gave Gallo the rights to use his name, signature, likeness and image on and in connection with the CARLO ROSSI brand of wine. I have maintained this agreement as a business record of Gallo in the Legal Department trademark files and a true and accurate copy of it is attached as Exhibit 1 to this Declaration.

6. Gallo owns two United States trademark registrations for the CARLO ROSSI mark. The first bears the registration number 1,813,968. It is a design registration that depicts the likeness and image of Mr. Carlo Rossi and his signature. This registration claims a first use date of 1978. The second registration bears the registration number 1,904,572 and the word mark CARLO ROSSI. This registration claims a first use date of 1962. I have maintained these registrations as business records of the Gallo in the Legal Department trademark files and a true and accurate copy of both are attached as Exhibit 2 to this Declaration. I have personal knowledge of the continuous use of the CARLO ROSSI trademark since at least the early 1970's.

7. Gallo has continuously used the CARLO ROSSI mark and Mr. Rossi's image and likeness on wine since at least 1962 and has continued to do so after his death in 1994. The CARLO ROSSI brand has been named as one of the leading wine brands in the world. It is sold throughout the world, and is one of Gallo's best-selling brands in Asia, especially in the People's Republic of China.

8. In 2003, Mira Enterprises filed an application to register the trademark CARLO ROSSI in the People's Republic of China. This was opposed by Gallo in 2004 based on its registration for the identical mark. This proceeding is still pending.

9. In 2006, Gallo initiated a proceeding at the United States Patent and Trademark Office to cancel a registration for the CARLO ROSSI trademark granted to Mira Enterprises.[1] During this proceeding, Gallo alleged that the CARLO ROSSI mark has been sold and promoted nationwide.

10. Gallo's investigation of Mira Enterprises initially concluded that there were no sales of CARLO ROSSI watches in the United States. During discovery in the cancellation proceeding, however, Mira Enterprises claimed to be selling at least $100,000 in CARLO ROSSI merchandise annually. Gallo's pre-litigation investigations did not find any evidence of sales of CARLO ROSSI merchandise in the Eastern District of California or in the Central District of California. The only sales that Gallo located were on and through EBay, Inc. in San Jose, California.

11. I am familiar with the web site for Mira Enterprises, www.miraent.com. The web site contains a product catalog, product pricing, and a mechanism for contacting Mira and placing orders. Attached as Exhibit 3 to this Declaration is a true and correct copy of excerpts from Mira Enterprises' web site.

12. Attached as Exhibit 4 to this Declaration is a true and correct copy of Mira Enterprises' designation of agent for service of process that I downloaded from the web site maintained by the California Secretary of State.

13. When our attempts to resolve the matter without litigation were rebuffed by counsel for Mira Enterprises, we felt we had no choice but to seek injunctive relief. At the time we made the decision to file this case, Gallo had two very large cases pending in the Eastern District of California, Fresno Division.[2] I was aware that there were vacancies on the Court, that one of the two judges had just taken Senior status, that Judge O'Neill had recently been confirmed, and that the Court's docket

---

[1] Gallo had monitored the application to register this mark as it progressed through the United States Patent and Trademark Office. Due to a docketing error, Gallo missed the deadline for opposing the published application. Under the rules of the United States Patent and Trademark Office, however, Gallo was permitted to file a petition to cancel the registration immediately upon its issuance. Gallo did so.

[2] The Eastern District venue rules require Gallo to file its cases in the Fresno Division. Cases filed by Gallo in the Sacramento Division would be reassigned to the Fresno Division. One of the two pending cases has since been resolved.

1  was very heavy. I also knew that the only District in which I had been able to find CARLO ROSSI
2  watches for sale was the Northern District of California. Gallo had also brought at least one
3  trademark infringement and dilution case in the Northern District. *E. & J. Gallo Winery v. Consorzio*
4  *del Gallo Nero,* 782 F. Supp. 457 (N. D. Cal. 1991). Gallo's Modesto office, where a majority of
5  Gallo's witnesses are located, is closer to the Northern District's courthouses than the Eastern
6  District's Fresno courthouse, which is where any action brought in the Eastern District of California
7  would have been assigned. I also wanted to bring the case in the Northern District of California
8  because the cost and inconvenience to Gallo's witnesses in any trial of the case in the Central District
9  of California would have been greater. For all of these reasons, I concluded that the Northern District
10 was the most appropriate forum in which to bring the case. Given that Gallo's offices are in
11 Modesto, the Central District of California is a very inconvenient forum for Gallo's witnesses.
12      14.    A true and correct copy of the statistics for the Eastern District of California, available
13 at http://www.uscourts.gov/cgi-bin/cmsd2006.pl, is attached as Exhibit 5 to this Declaration.
14      15.    At this stage of the case, I estimate that Gallo would call at least five non-expert
15 witnesses at a trial in this case.
16      I declare under penalty of perjury of the laws of the United States that the foregoing is true
17 and correct and was executed on September 25, 2007 in Modesto, California.

*[signature]*

Paul W. Reidl