**EXHIBIT 1**
**TO DECLARATION OF PAUL W. REIDL**
**IN SUPPORT OF PLAINTIFF E. & J. GALLO**
**WINERY'S OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS FOR IMPROPER VENUE**
**OR, IN THE ALTERNATIVE,**
**TO TRANSFER THIS ACTION**
**TO THE CENTRAL DISTRICT OF CALIFORNIA**

*E. & J. Gallo Winery v. Mira Enterprises, Inc.*
**Case No. C 07-2529 JW**

AGREEMENT

I, the undersigned, am entering into this agreement with E. & J. Gallo Winery ("Winery") to induce and permit Winery to use my name, voice, image, and likeness in connection with Winery products. Accordingly, Winery and I have agreed as follows:

1.    In consideration of my execution of this agreement, Winery agrees to pay me the sum of One Thousand dollars ($1,000.00), and also to make any payments that are required by applicable union contracts, including SAG or AFTRA, for any services which I may perform at Winery's request.

2.    I warrant that I am the Carlo Rossi referred to on the labels of CARLO ROSSI$^{(TM)}$ brand wines. I acknowledge that I am executing this agreement in order that my name, voice, image and likeness might appear in labeling, marketing, and advertising of Winery products, to whatever extent Winery, in its sole judgment, deems desirable, as well as to receive the consideration set forth in paragraph 1 above. I further acknowledge that I am giving up certain rights by execution of this agreement and am doing so voluntarily in order to obtain the consideration set forth in paragraphs 1 and 2. I acknowledge that my execution of this agreement is not in consideration of my continued employment by Winery and is not a term or condition of that employment.

3.    I grant to Winery and its advertising agencies and their employees, agents, representatives, and licensees the sole and exclusive right and permission to use my name (by "name" I mean Rossi, Charles Rossi, Charles J. Rossi, C. J. Rossi, Charlie Rossi, Carlo Rossi, "Charles", "Charlie", or "Carlo" when referring to me, and/or any other name by which I become known), my voice, and any likeness of me or related to me (including, without limitation, photographs, videotapes, films, artistic representations, and recordings), throughout the world and in perpetuity, in connection with the labeling, marketing and advertising of any Winery products.  This agreement applies to all media uses, including without limitation print, television, radio, point-of-sale, outdoor advertising, and direct mail. I further agree not to use, and not to license or permit any other person to use, my name, voice, or any likeness of me in connection with the labeling, marketing and/or advertising of alcoholic or non-alcoholic beverages or any product labeled, marked, or advertised with the name, service mark, or trademark of any alcoholic or non-alcoholic beverages.

4.    (a)    I agree to perform in such videotapes, films, or radio or television commercials as Winery may request and to cooperate fully in the production thereof, subject to the requirements of applicable union contracts, including SAG and AFTRA.

(b)    I agree to model and be photographed for such other advertising materials as Winery may request, and to cooperate fully in the production thereof.

(c)    I waive claims of any type, including without limitation tort or contract claims or causes of action, arising out of any use by Winery of my name, person, or voice, or any likeness of me, or out of any consequence of such use, regardless of any alteration, optical illusion, faulty mechanical reproduction, distortion, or editing of such material.

(d)    I consent to Winery's filing applications for trademark and copyright registrations for trademarks and materials which consist of or include my name, voice, image, or likeness.

(e)    I waive any right to inspect, approve, or reject any of Winery's labeling, marketing, and advertising material.

5.    This agreement shall be binding on my heirs, representatives, successors, and assigns, and shall continue after my death.  Winery may register this agreement and may do whatever else is reasonably necessary to perfect its rights under this agreement, either before or after my death.

6.    If any term or provision of this agreement is adjudged to be invalid or unenforceable, all the other terms and provisions shall continue in effect as if the invalidated or unenforceable term or provision had never been included in this agreement.

7.    In the event of any litigation or arbitration between Winery and me concerning this agreement, the prevailing party shall be entitled to reimbursement of its costs and reasonable attorneys fees from the other party.

8.    This agreement sets forth the entire agreement and understanding between Winery and me concerning the matters set forth and supersedes all prior agreements between us on this subject.  No agreements or understandings varying anything herein shall be binding unless in writing and signed by me and a duly authorized officer of Winery. The failure of Winery or me to enforce any rights acquired hereunder in any instance shall not be deemed a waiver of such rights in the same instance or in any other instance.

9.    This agreement is entered into under California law and shall be construed and performed in accordance with California law.  Any cause of action arising from or related to this agreement shall be brought only in a court having jurisdiction and venue in Modesto, California.

10.   I represent that I have the capacity to enter into this agreement and I make this agreement freely and voluntarily.

Dated: April 30, 1986

C. J. ROSS
3208 Wycliffe Drive
Modesto,  CA    95355

E. & J. GALLO WINERY

By:

Title:  Executive Vice President

P. O. Box 1130
Modesto, CA  95353

STATE OF CALIFORNIA     )
                           )   ss.
COUNTY OF STANISLAUS     )

On April __30__, 1986, before me, the undersigned, a Notary Public of the State of California, personally appeared C. J. ROSSI, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that she/he executed it.

WITNESS my hand and official seal.

OFFICIAL SEAL
OLGA MARTINEZ
NOTARY PUBLIC - CALIFORNIA
PRINCIPAL OFFICE IN
STANISLAUS COUNTY
My Commission Expires Sept 22, 1987

_Olga Martinez_
Notary Public

STATE OF CALIFORNIA     )
                           )   ss.
COUNTY OF STANISLAUS     )

On April __30__, 1986 before me, the undersigned, a Notary Public of the State of California, personally appeared __A. P. Henderson__, known to me to be a Vice President of E. & J. Gallo Winery, a corporation that executed the above agreement, and acknowledged to me that such corporation executed said agreement.



OFFICIAL SEAL
OLGA MARTINEZ
NOTARY PUBLIC - CALIFORNIA
PRINCIPAL OFFICE IN
STANISLAUS COUNTY
My Commission Expires Sept 22, 1987

_Olga Martinez_
Notary Public