1 | Surjit P. Soni      (State Bar No. 127419)
Mark L. Sutton     (State Bar No. 120255)
2 | THE SONI LAW FIRM
55 South Lake Avenue, Suite 720
3 | Pasadena, California 91101
Telephone: (626) 683-7600
4 | Facsimile: (626) 683-1199
surj@sonilaw.com
5 | mark@sonilaw.com

6 | Attorneys for Defendant,
Mira Enterprises, Inc.

7

8 |                 **UNITED STATES DISTRICT COURT**

9 |            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10 |                    **SAN JOSE DIVISION**

11

12 | E. & J. GALLO WINERY, a          ) **CASE NO. CV 07-2529 JW**
California corporation,          )
13 |                                 )
                 Plaintiff,         )
14 |                                 ) **DEFENDANT'S REPLY IN SUPPORT OF**
                                   ) **ITS MOTION TO DISMISS OR TRANSFER**
15 |      vs.                        ) **FOR IMPROPER VENUE UNDER**
                                   ) **F.R.Civ.P. 12(b)(3) OR 28 U.S.C.**
16 |                                 ) **§1406(a), OR TO TRANSFER UNDER 28**
MIRA ENTERPRISES, INC.,a         ) **U.S.C. §1404(a)**
17 | California corporation,          )
                                   ) Date: October 22, 2007
18 |          Defendants.            ) Time: 9:30 a.m.
                                   ) Place: Courtroom 8, Honorable
19 |                                 ) James Ware
   _____ )
20

21 |      Defendant Mira Enterprises, Inc. ("Defendant" or "Mira")

22 | hereby submits its reply in support of its motion to dismiss or

23 | transfer for improper venue under F.R.Civ.P. 12(b)(3) or 28 U.S.C.

24 | §1406(a), or to transfer under U.S.C. §1404(a), in response to

25 | Plaintiff E & J Gallo Winery's ("Plaintiff" or "Gallo") Opposition

26 | to that motion.

27 |

**I.    THIS ACTION SHOULD BE DISMISSED OR TRANSFERRED BASED ON IMPROPER VENUE**

In its venue analysis, Plaintiff relies on a presumption of reasonableness regarding specific jurisdiction over Defendant and argues that the unreasonableness of exercising jurisdiction must be "compelling" to show improper venue, citing *Core-Vent Corp. v. Nobel Industries AB,* 11 F.3d 1482, 1487 (9th Cir. 1993). [Opp., at page 9, line 4-13 ("9:4-13").][1]  However, Plaintiff ignores the detailed showing made by Defendant in six pages of it's Opening Brief.  The Ninth Circuit's seven factors for determining the "reasonableness" <u>requirement</u> in exercising specific personal jurisdiction over a party overwhelmingly favor dismissal or transfer.  *Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements* Ltd., 328 F.3d 1122, 1132 (9th Cir. 2003).  Defendant has presented compelling evidence that <u>all</u> of the Ninth Circuit factors weigh <u>against</u> finding the exercise of jurisdiction over Defendant reasonable.  [*See* Opening Brief Pgs 9-15].

For example, Plaintiff's Opposition ignores the undisputable realities that Defendant's forum contacts are *de minimus* and that the convenience of non-party witnesses overwhelmingly supports a finding of unreasonableness.  More specifically, this District's *de minimus* connection with the allegedly infringing activity (only about one percent (1%) of allegedly infringing sales and less than one half on one percent (.5%) of overall sales) and the Central District's substantial connection (about 38 percent of accused

---

[1] Defendant's position was set forth at page 9, line 5 to page 15, line 8 of its Opening Brief.

product sales) supports unreasonableness. [Lalwani dec., ¶¶ 7, 13-16 and 20-21.]  Moreover, Plaintiff has identified no non-party witnesses, while Defendant identified eleven (11), all of whom reside in the Central District of California. [Lalwani dec., ¶¶ 21-22.]

This case should be dismissed or transferred under 28 U.S.C. §1406(a) for improper venue.

**II.  28 U.S.C. §1404(a) FAVORS TRANSFER OF THIS CASE TO THE CENTRAL DISTRICT OF CALIFORNIA**

**A.    The Most Important Factor: The Convenience of The Witnesses**

**1.    The Statutory and Case Law Overwhelmingly Establishes the Convenience of Non-party Witnesses as the Most Significant Factor in this Case**

28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought."  The Ninth Circuit includes the convenience of the witnesses under the factor, "ease of access to sources of proof."  *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000).

Plaintiff does not dispute that **the convenience of non-party witnesses** is the most important factor on a § 1404(a) transfer motion, especially when as here the conveniences of party witnesses favor different forums.  *See* Schwarzer, Tashima, and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,*

chapt. 4, section 4:733, The Rutter Group (2007); *see also In re Volkswagen AG,* 371 F.3d 201, 204-205 (5th Cir. 2004)(reversing denial of transfer motion and ordering transfer where most third party witnesses were located in transferee court); *Palace Exploration Co. v. Petroleum Dvlp. Co.,* 316 F.3d 1110, 1121-22 (10th Cir. 2003); *PRG-Schultz USA, Inc. v. Gottschalks, Inc.,* 2005 WL 2649206 at *2-*3 (N.D. Cal. 2005)(the convenience of the witnesses was the most heavily discussed reason for granting a §1404(a).

As stated in a leading treatise on federal civil procedure:

> Often cited as the most important factor in passing on a motion to transfer under Section 1404(a) of Title 28 of the United States Code, and the one most frequently mentioned by the courts, as the plethora of illustrative cases cited in the note below demonstrate, is the convenience of witnesses, most particularly nonparty witnesses who are important to the resolution of the case.

Wright, Miller and Cooper, *Federal Practice and Procedure,* Chapter 8, "Venue in the District Courts," § 3851 (3d Ed. 2007); *accord Silver Valley Partners, LLC v. De Motte*, 2006 WL 2711764, at *4 (D. Wash. 2006)[citing *Florens Container v. Cho Yang Shipping,* 245 Fed. Supp. 2d 1086, 1092 (N.D. Cal. 2002) ("The convenience of the witnesses is often the most important factor")].

In the *Volkswagen AG* case*,* the Fifth Circuit issued a *writ of mandamus* reversing the district court and ordering it to transfer the case from the Eastern District of Texas to the Western District of Texas primarily because the convenience of non-party fact witnesses would be increased substantially by transferring the case. The Court stated the following in requiring transfer under §

1404(a):

> When the distance between an existing venue for
> trial of a matter and a proposed venue under
> §1404(a) is more than 100 miles [in that case,
> 390 to 400 miles], the factor of inconvenience
> to witnesses increases in direct relationship to
> the additional distance to be traveled.
> Additional distance means additional travel
> time; additional travel time increases the
> probability for meal and lodging expenses; and
> additional travel time with overnight stays
> increases the time which these fact witnesses
> must be away from their regular employment.

*Volkswagen AG,* 371 F.3d at 205.

As explained in Defendant's Opening Brief and below, these same reasons for transferring in *Volkswagen AG* are present here, right down to a similar distance between the transferor and transferee courts within the same state (here the distance between this U.S. District Court in San Jose and the U.S. District Court in Los Angeles is about 350 miles).  *Accord Seeberger Enterprises, Inc. v. Mike Thompson Recreational Vehicles, Inc.,* 2006 WL 4711938, at *6 (W.D. Tex. 2007)(quoting Wright, Miller an Cooper as above; granting transfer motion); *Empty Barge Lines II, Inc. v. Dredge Leonard Fisher,* 441 F. Supp. 2d 786, 792-96 (E.D. Tex. 2006)("The relative convenience of the witnesses is often recognized as the most important factor to be considered when ruling on a motion under § 1404(a);" at 792)(transferring to the Southern District of Texas); *Ray Mart, Inc. v. Stock Bldg. Supply of Texas, L.P.,* 435 F. Supp. 2d 578, 590-93 (E.D. Texas)(same language as *Empty Barge* and also "it is the convenience of non-party witnesses, rather than of party witnesses, that is more important and is accorded greater weight in

a transfer of venue analysis;" at 591)(transferring to the Eastern District of Texas)

### 2. The Testimony of Defendant's Non-Party Witnesses Is Relevant to the Key Issue in this Case

The gravamen of this case is infringement of Plaintiff's two incontestable trademark registrations for the CARLO ROSSI mark for wines. [*See* Complaint, ¶8; Reidl dec., ¶¶ 6 and 7; Exhibits E and F attached to Second Amirkhanyan (showing the Section 15 (i.e., 28 U.S.C. §1065) affidavits have been filed).] The primary focus of any disputed evidence in this case will not be the validity of Plaintiff's rights but instead whether Defendant's use of the CARLO ROSSI mark for <u>watches</u> infringes (i.e., is confusingly similar to) Plaintiff's CARLO ROSSI marks for <u>wines</u>.[2]

Any factual disputes in this case will focus primarily on Defendant's allegedly infringing business activities involving sales and marketing of its CARLO ROSSI watches. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979). As a result, the testimony of Defendant's principals and most significant customers in Los Angeles regarding the likelihood of confusion factors will be the primary oral non-expert evidence at trial.

Defendant has identified eleven customers in Los Angeles that it anticipates bringing on the following issues regarding a likelihood of confusion: (1) the limitation of Defendant's CARLO ROSSI products to watches; (2) the absence of instances of actual

---

[2] Incontestable registered marks are entitled a conclusive presumption of the registrant's ownership and the validity of the mark and only limited defenses (other than non-infringement) may be raised. 15 U.S.C. §1115(b).

confusion concerning CARLO ROSSI watches; (3) the types of consumers of Defendants' CARLO ROSSI products; (4) the marketing channels for the allegedly infringing products; (5) the price points at which the allegedly infringing products are sold to consumers, etc.  [Lalwani dec., ¶ 22.]

In trademark infringement cases, the testimony of the defendant's witnesses is the most relevant on a §1404(a) motion. *Volkswagen Atiengesellschaft v. Dee Engineering, Inc.,* 2003 WL 1089515, *4 (S.D. Ind. 2003).

### 3. Plaintiff's Evidence and Arguments Establish This Factor Favors Defendant

Plaintiff has stated that it will bring five unidentified "party witnesses". [Opp. at 12:23; Reidl dec., ¶ 15.]  Not a single non-party, non-expert witness will be brought by Plaintiff. [*Id.*]

Gallo claims that transfer would simply shift the inconvenience to Plaintiff.  [Opp., at 12:21-13:1].  That is irrelevant where there are **non-party** witnesses whose inconvenience is paramount. There is a substantial likelihood under F.R.Civ.P. 45(c)(3)(B)(iii) that non-party witnesses will either be unavailable at trial under the Federal Rules, or will be hostile to Defendant, if they are forced to travel 700 miles round trip between San Jose and their places of business in Los Angeles.  Defendant's witnesses are likely to have to make an overnight stay in this district, but not in Los Angeles where they can be on one or two-hour standby notice to give their testimony.  These problems do not exist for witnesses who are employed by a party, such as the those Plaintiff intends to bring.

1    Plaintiff offers no evidence of the substance of the testimony
2   of its witnesses, their identities, or the location(s) where they
3   work. [Reidl dec., ¶ 15.]  However, Gallo admits that it knows very
4   little about Defendant's business related to its CARLO ROSSI
5   watches. [Reidl dec., ¶¶ 9-11.] Therefore, there is little or no
6   evidence that Plaintiff's party witnesses could bring regarding the
7   key issue in this case, namely whether there is a likelihood of
8   confusion caused by the use of Defendant's mark for watches and the
9   same mark for wine.  Why Plaintiff would need five witnesses and
10  what testimony they would offer is not evidenced or explained.

11    Plaintiff argues that little inconvenience would be avoided by
12  transfer to an adjoining district in the same state.  [Opposition,
13  at 13:1-11].  The 1968 and 1952 cases cited by Plaintiff involved
14  the distances between New York City and Philadelphia (about 90 to
15  100 miles) and New York City and Newark, New Jersey (about 15
16  miles).  The inconvenience in this case, involving a much greater
17  distance of about 350 miles, is more analogous to the much more
18  recent *Volkswagen AG, Empty Barge* and *Ray Mart* cases cited above in
19  Section II.A.1..

20    Plaintiff contends that the non-party witnesses can be
21  subpoenaed to testify at trial under F.R.Civ.P. 45(c)(3)(a).
22  [Opposition, at 13:21-22].  This argument ignores the limitations of
23  F.R.Civ.P. 45(c)(3)(B)(iii) which permit any witness located within
24  the state, but more than 100 miles from the court, to move to quash
25  the subpoena or obtain other relief such as requiring the party
26  seeking the testimony to pay the witness' expenses.  If not

27

1 successful in avoiding testimony by moving to quash such a trial

2 subpoena from Defendant, the non-party witnesses may become hostile

3 to Defendant in having to spend so much time away from their work,

4 to say nothing of the enormous expense to Defendant that may be

5 incurred regarding eleven witnesses.

6     Plaintiff also claims that the trial testimony of Defendant's

7 witnesses can be taken by deposition in Los Angeles and used at

8 trial under F.R.Civ.P. 30 (citing no authority applying this theory

9 on a § 1404(a) motion).  [Opposition, at 13:17-23].  While offering

10 deposition testimony is theoretically available, it is not the most

11 effective for the party offering such testimony at trial, especially

12 in a jury trial which Defendant intends to request when it answers

13 the Complaint.  Courts have repeatedly rejected the availability of

14 deposition testimony as a factor for denying a §1404(a) transfer

15 motion.  *See, e.g., Dee Engineering,* 2003 WL 1089515 at *4.  In

16 fact, if deposition trial testimony procedure was a legitimate

17 response, it would cut against transfer in almost every §1404(a)

18 motion because it is available for any witness residing in the U.S.

19     Citing no authority, Plaintiff contends that Defendant's

20 showing of the expected testimony of the non-party witnesses is

21 insufficient.  [Opp., at 14:1-7].  In accord with the cases cited

22 above, Defendant has shown that the eleven non-party distributors of

23 Defendant's allegedly infringing products would testify about the

24 likelihood of confusion factors.  That is sufficient detail to

25 support transfer.  On the other hand, Plaintiff has made <u>no</u> showing

26 of the testimony or even identities of its five witnesses.

27

1    Plaintiff claims that the various subject matters of the non-
2  parties' testimony (undermining Plaintiff's previous argument) are
3  likely to be admitted facts at trial. [Opposition, at 14:8-18].  The
4  effect of such admissions of fact, if Plaintiff will so admit,
5  would be that Plaintiff's case must be dismissed.  The non-party
6  witnesses will establish there is no likelihood of infringement.

7    To summarize, all of Plaintiff's arguments regarding the
8  convenience of the witnesses carry little or no weight.  This
9  preeminent factor strongly favors Defendant.

10    **B.    This Forum's Relation to this Case**

11    The fourth and fifth Ninth Circuit factors, "the respective
12  parties' contacts with the forum" and "the contacts relating to the
13  plaintiff's cause of action in the chosen forum," require
14  consideration of this District's relative contacts with the dispute.
15  *Jones,* 211 F.3d at 498-99.

16    In intellectual property cases, transfer to a forum with more
17  substantial sales of the accused products is appropriate.  *Dee*
18  *Engineering,* 2003 WL 1089515 at *1, *3 (In trademark infringement
19  case, transfer ordered where only .5% of "annual gross sales" in
20  forum district)("the amount of business Dee does in Indiana is
21  minimal compared with the amount of business it transacts from its
22  locations in California"); *Neil Bros. Ltd. v. World Wide Lines,*
23  *Inc.*, 425 F. Supp. 2d 325, 331 (W.D.N.Y. 2006)(Patent case; transfer
24  ordered out of state when less than 5% of accused product sales were
25  in the forum state); *Forcillo v. LeMond Fitness, Inc.*, 220 F.R.D.
26  550, 554 (S.D. Ill. 2004)(In a patent case, granting a §1404(a)

27

1  motion where "all of the accused devices that ... [the distributor

2  defendant] receives to distribute come through ... [the producer

3  defendant].  Only the sales of a few machines occur in this

4  District.").

5      Here, Defendant's contacts with this forum are very limited and

6  compare favorably to the cases ordering transfer.  Less than .5% of

7  Defendant's overall product sales are to customers in this district.

8  [Lalwani dec., ¶ 16.] Sales of the accused products are 1.1% of

9  overall sales of those products amounting to a little more than

10 $7000.  [*Id*, ¶¶ 13-15.]

11     Defendant's sales of the accused products in the Central

12 District are, on the other hand, more than 38% of its U.S. accused

13 product sales and Defendant's only business premises is in that

14 district.  [*Id*, ¶¶ 20-21.]  Plaintiff cites *Waste Distillation*

15 *Tech., Inc. v. Pan American Resources, Inc.,* 775 F.Supp. 759 (D.

16 Del. 1991) to counter Defendant's position here.  However, that case

17 does not support Plaintiff's theory because "defendants' contacts

18 appear[ed] to be scattered over the entire state," and were not

19 concentrated in the transferee district.[3]  *Id,* at 767.

20     Plaintiff's claim that Mira has an interactive web site

21 accessible in this district is of little or no significance here as

22 _____

23     [3] In footnote 8, the Opposition points out that several of the
   cases cited in the Opening Brief involve contracts or torts that
24 arose solely in the transferee district.  That is true because
   those cases typically involved allegations of a single breach or
25 tort.  Here, trademark infringement occurs with every sale and so
   the issue will almost always be a matter of the degree of
26 infringement, not of a discrete act.  Defendant cites relevant
   cases in this section illustrating that principle.

27                              Defendant's Reply In Support of Motion to Dismiss

1  it is accessible everywhere in the U.S.  Plaintiff cites no

2  authority considering such a fact.

3      In conclusion, this factor favors Defendant.

4      **C.   The Cost Differences in the Two Forums**

5      The sixth *Jones* factor, the additional cost of suit for

6  Plaintiff and Defendant, weighs about the same in the two districts

7  regarding party witnesses.  However, the costs related to the non-

8  party witnesses is significantly different.  Defendant would have to

9  pay at least the eleven non-party witnesses' costs of travel and

10 lodging to come to this district, either under F.R.Civ.P.

11 45(c)(3)(B)(iii), or as a practical matter to avoid hostility to

12 Defendant, if this motion is denied.  Plaintiff has no non-party

13 witness costs.  Therefore, this factor weighs in Defendant's favor.

14     **D.   The Ability to Compel Witnesses to Testify**

15     This *Jones* factor, the availability of compulsory process to

16 compel attendance of unwilling non-party witnesses, was discussed

17 above in the convenience of the witnesses section.  Defendant cannot

18 compel attendance under F.R.Civ.P. 45(c)(3)(a) of its eleven non-

19 party witnesses because they are all located more than 100 miles

20 from this district.

21     This factor favors Defendant.

22     **E.   The Irrelevant *Jones* Factors**

23     The remaining *Jones* factors, the location where any agreements

24 were formed (factor 1) and the state most familiar with the

25 governing law (factor 2), are irrelevant to this action.

26 ///

27

1    **F.   Plaintiff's Choice of Forum**

2    Plaintiff effectively admits that its "choice of forum," must
3 give way to the other factors. [Opposition, at 11:2-12:9.]

4    Plaintiff does not dispute that its choice of forum is not
5 given substantial weight where as here Defendant's contacts with the
6 forum are limited. *Lyons, Inc. v. Tivo, Inc.,* 499 F. Supp. 2d 685,
7 692 (E.D. Va. 2007)(plaintiff's choice of forum given little weight
8 when sales of the accused products in the forum are the same as
9 other forums); *Ray Mart,* 435 F. Supp. 2d at 594 ("Plaintiffs' choice
10 of forum is accorded less weight when most of the operative facts
11 occurred outside the district. ... When the chosen district has
12 little factual nexus to the case, the plaintiffs' choice of forum is
13 accorded less deference if other factors weigh in favor of a
14 transfer"); *Hernandez v. Graebel Van Lines,* 761 F. Supp. 983, 990
15 (E.D.N.Y. 1991); *Chrysler Capital Corp. v. Woehling*, 663 F. Supp.
16 478, 482 (D. Del. 1987).

17    Plaintiff discusses its alleged reasons for filing in this
18 district but cites no authority showing that those reasons are
19 relevant to strengthen the importance of the "choice of forum"
20 factor. [Opp., 11:9-12:8.]

21    **G.   Additional Factors**

22    The *Jones* factors are not exclusive.  *Jones,* 211 F.3d at 498-
23 99.  Two other factors are relevant here.

24    The relative ability of the parties to afford litigation in a
25 forum distant from their main place of business is a relevant
26 factor.  *Seeberger,* 2006 WL 4711938 at *7 ("The Court believes the

27

relative financial strengths of the parties ... to be relevant to
its convenience analysis"); *Dee Engineering,* 2003 WL 1089515 at *3
(S.D. Ind.)("[C]omparing the relative ability of the parties to pay
for the inconvenience, the Court finds Volkswagen in a better
position to bear the cost of litigating in the California forum" in
granting a §1404(a) motion); *Dwyer v. General Motors Corp.,* 853
F.Supp. 690, 693 (S.D.N.Y. 1994).

    Plaintiff denies the relative financial ability of the parties
is a factor citing one case in footnote 10, namely *Advideo, Inc. v.
Kimel Broadcasting Group, Inc.,* 727 F. Supp. 1337 (N.D. Cal. 1989).
However, *Advideo* did not deny the relevance of the parties' <u>relative</u>
financial capability.  The Court merely said it was "not
insensitive" to the Defendant's burden as a "small business" to
litigate in California, but that the Plaintiff may have an
"equivalent burden" in New York.  *Id,* at 1342.

    This factor clearly favors Defendant which is a small company
with only 12 employees whereas Plaintiff is a huge company with
about 5000 employees and annual sales exceeding $2 billion. [Lalwani
dec., ¶¶ 3 and 4; Amirkhanyan dec., ¶ 4;; Ex. D.]

    Finally, Plaintiff ignores another factor, the relative
congestion of the districts at issue.  *Kasey v. Molybdenum Corp. of
America,* 408 F.2d 16, 20 (9th Cir. 1969).  In this case, the
Northern District is busier than the Central District of California.
[Amirkhanyan dec., at ¶¶ 3 and 4; Exs. B and C.]  This factor also
favors Plaintiff.

///

1    **H.    Weighing the Factors**

2       Here, the only factor that favors Plaintiff is its choice of

3   forum.  The most important factor, convenience of the witnesses,

4   strongly favors Defendant.  In conclusion, Defendant has made a

5   strong showing and so this case should be transferred.

6

7   **III. PLAINTIFF HAS BROUGHT INSUFFICIENT EVIDENCE TO TRANSFER THIS
        CASE TO THE EASTERN DISTRICT OF CALIFORNIA**

8

9       28 U.S.C. §1404(a) requires that another court must be in a

10  district where the case "might have been brought" before the forum

11  court is permitted to transfer the case to that district.  Here,

12  Plaintiff concedes it has no evidence to support proper venue in the

13  Eastern District of California. [Opp., at 11:16-19; Reidl dec., ¶

14  10.]  Therefore, Plaintiff's request to transfer the case to the

15  Eastern District should be denied.

16

17  **IV.   CONCLUSION**

18      For the foregoing reasons, this motion to dismiss or transfer

19  this case to the Central District of California should be granted.

20

21  Dated: October 8, 2007              Respectfully submitted,

22                                      THE SONI LAW FIRM

23                                           /SS/
                                        By:_____
24                                          Surjit P. Soni
                                            Mark L. Sutton
25                                          Attorneys for Defendant,
                                            Mira Enterprises, Inc.
26

27                                          Defendant's Reply In Support of Motion to Dismiss

                                      14

# TABLE OF CONTENTS

I.    THIS ACTION SHOULD BE DISMISSED OR TRANSFERRED BASED ON
      IMPROPER VENUE . . . . . . . . . . . . . . . . . . . . . . 1

II.   28 U.S.C. §1404(a) FAVORS TRANSFER OF THIS CASE TO THE CENTRAL
      DISTRICT OF CALIFORNIA . . . . . . . . . . . . . . . . . . 2

      A.    The Most Important Factor: The Convenience of The
            Witnesses . . . . . . . . . . . . . . . . . . . . . 2

            1.    The Statutory and Case Law Overwhelmingly Establishes
                  the Convenience of Non-party Witnesses as the Most
                  Significant Factor in this Case . . . . . . . . 2

            2.    The Testimony of Defendant's Non-Party Witnesses Is
                  Relevant to the Key Issue in this Case . . . . . 5

            3.    Plaintiff's Evidence and Arguments Establish This
                  Factor Favors Defendant . . . . . . . . . . . . 6

      B.    This Forum's Relation to this Case . . . . . . . . . 9

      C.    The Cost Differences in the Two Forums . . . . . . . 11

      D.    The Ability to Compel Witnesses to Testify . . . . . 11

      E.    The Irrelevant Jones Factors . . . . . . . . . . . . 11

      F.    Plaintiff's Choice of Forum . . . . . . . . . . . . 12

      G.    Additional Factors . . . . . . . . . . . . . . . . . 12

      H.    Weighing the Factors . . . . . . . . . . . . . . . . 14

III.  PLAINTIFF HAS BROUGHT INSUFFICIENT EVIDENCE TO TRANSFER THIS
      CASE TO THE EASTERN DISTRICT OF CALIFORNIA . . . . . . . . 14

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 14

**TABLE OF AUTHORITIES**

Seeberger Enterprises,Inc v. Mike Thompson Recreational Vehicles,Inc
     2006 WL 4711938, at *6 (W.D. Tex. 2007) . . . . . . . . . 4

Advideo, Inc. v. Kimel Broadcasting Group, Inc.
     727 F. Supp. 1337 (N.D. Cal. 1989) . . . . . . . . . . . 13

AMF, Inc. v. Sleekcraft Boats
     599 F.2d 341 (9th Cir. 1979) . . . . . . . . . . . . . . 5

Chrysler Capital Corp. v. Woehling
     663 F. Supp. 478 (D. Del. 1987) . . . . . . . . . . . . 12

Core-Vent Corp. v. Nobel Industries AB
     11 F.3d 1482(9th Cir. 1993) . . . . . . . . . . . . . . 1

Dwyer v. General Motors Corp.
     853 F.Supp. 690(S.D.N.Y. 1994)                      . . 13

Empty Barge Lines II, Inc. v. Dredge Leonard Fisher
     441 F. Supp. 2d 786 (E.D. Tex. 2006) . . . . . . . . . . 4

Florens Container v. Cho Yang Shipping
     245 Fed. Supp. 2d 1086 (N.D. Cal. 2002) . . . . . . . . . 3

Forcillo v. LeMond Fitness, Inc.
     220 F.R.D. 550 (S.D. Ill. 2004) . . . . . . . . . . . . . 9

Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements Ltd.
     328 F.3d 1122(9th Cir. 2003) . . . . . . . . . . . . . . 1

Hernandez v. Graebel Van Lines
     761 F. Supp. 983 (E.D.N.Y. 1991)  . . . . . . . . . . . 12

*In re Volkswagen AG*
     371 F.3d 201(5th Cir. 2004)  . . . . . . . . . . . . . . 3

Jones v. GNC Franchising, Inc.
     211 F.3d 495 (9th Cir. 2000) . . . . . . . . . . . . . . 2

Kasey v. Molybdenum Corp. of America
     408 F.2d 16 (9th Cir. 1969) . . . . . . . . . . . . . . 13

Lyons, Inc. v. Tivo, Inc.
     499 F. Supp. 2d 685 (E.D. Va. 2007) . . . . . . . . . . 12

Neil Bros. Ltd. v. World Wide Lines, Inc.
     425 F. Supp. 2d 325 (W.D.N.Y. 2006) . . . . . . . . . . . 9

Palace Exploration Co. v. Petroleum Dvlp. Co.
    316 F.3d 1110 (10th Cir. 2003) . . . . . . . . . . . . . 3

PRG-Schultz USA, Inc. v. Gottschalks, Inc.
    2005 WL 2649206 at *2-*3 (N.D. Cal. 2005) . . . . . . . 3

Ray Mart, Inc. v. Stock Bldg. Supply of Texas, L.P.
    435 F. Supp. 2d 578 (E.D. Texas) . . . . . . . . . . . 4

Silver Valley Partners, LLC v. De Motte
    2006 WL 2711764, at *4 (D. Wash. 2006) . . . . . . . . . 3

Tech., Inc. v. Pan American Resources, Inc.
    775 F.Supp. 759 (D. Del. 1991)  . . . . . . . . . . . . 10

Volkswagen Atiengesellschaft v. Dee Engineering, Inc.
    2003 WL 1089515, *4 (S.D. Ind. 2003) . . . . . . . . . . 6

**STATUTES**

15 U.S.C. §1115(b)  . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. §1065 . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. §1404(a) . . . . . . . . . . . . . . . . . . 1,2,14

F.R.Civ.P. 12(b)(3)  . . . . . . . . . . . . . . . . . . . . 1

F.R.Civ.P. 45(c)(3)(a)  . . . . . . . . . . . . . . . . . 7,11

F.R.Civ.P. 45(c)(3)(B)(iii) . . . . . . . . . . . . . . . . 11

**TREATISES**

Tashima, and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* chapt. 4, section 4:733, The Rutter Group (2007) ................................................................2

Wright, Miller and Cooper, *Federal Practice and Procedure,* Chapter 8, "Venue in the District Courts," § 3851 (3d Ed. 2007)............3

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action; my business address is 55 South Lake Avenue, Suite 720, Pasadena, California 91101.

      On **October 8,  2007**, I caused to be served the foregoing described as **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER  FOR IMPROPER VENUE UNDER F.R.Civ.P. 12(b)(3) OR 28 U.S.C. §1406(a), OR TO TRANSFER UNDER 28 U.S.C. §1404(a)** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

D. Peter Harvey, Esq.
Raffi V. Zerounian, Esq.
HARVEY SISKIND LLP
4 Embarcadero Center, 39th Floor
San Francisco, Ca 94111

[X]    (MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day, with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]    (PERSONAL SERVICE) I caused the above referenced document to be personally served by hand on at the addresses listed below.

[]    (VIA FEDERAL EXPRESS) I caused such envelope to be delivered overnight to addresses listed above.

[]    (FACSIMILE) I caused the attached document to be transmitted to the above listed addressee.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on **October 8**, **2007** at Pasadena, California.

                      /TA/
                     _____
                     Tina Amirkhanyan