```
Surjit P. Soni       (State Bar No. 127419)
Mark L. Sutton       (State Bar No. 120255)
THE SONI LAW FIRM
55 South Lake Avenue, Suite 720
Pasadena, California  91101
Telephone: (626) 683-7600
Facsimile: (626) 683-1199
surj@sonilaw.com
mark@sonilaw.com

Attorneys for Defendant,
Mira Enterprises, Inc.
```

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MIRA ENTERPRISES, INC., a California corporation,<br><br>　　　　Defendants. | **CASE NO. CV 07-02529 JW**<br><br>**SUBMISSION OF CORRECTED TABLE OF CONTENTS RE DEFENDANT'S (OPENING) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE UNDER F.R.Civ.P. 12(b)(3) AND 28 U.S.C. §1406(a), OR TO TRANSFER UNDER 28 U.S.C. §1404(a)**<br><br>Date: October 22, 2007<br>Time: 9:30 a.m.<br>Place: Courtroom 8, Hon. James Ware |

Submission of Corrected Table of Contents

1  TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

2       Defendant Mira Enterprises, Inc. hereby submits its <u>corrected</u>

3  TABLE OF CONTENTS regarding its opening brief on its motion to

4  dismiss or transfer, entitled DEFENDANT'S MEMORANDUM IN SUPPORT OF

5  ITS MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE UNDER

6  F.R.Civ.P. 12(b)(3) AND 28 U.S.C. §1406(a), OR TO TRANSFER UNDER 28

7  U.S.C. §1404(a).

8

9   Dated: October 8, 2007                Respectfully submitted,

10                                         THE SONI LAW FIRM

11
                                                  /SS/
12                                         By:_____
                                              Surjit P. Soni
13                                            Mark L. Sutton
                                              Attorneys for Defendant,
14                                            Mira Enterprises, Inc.

---

Submission of Corrected Table of Contents
1

# Table of Contents

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . 2

II. THE NORTHERN DISTRICT OF CALIFORNIA IS AN IMPROPER VENUE FOR THIS ACTION . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.   Section 1391(b)(1) Is Not A Proper Basis For Venue Because Defendant Does Not "Reside" In The Northern District Of California . . . . . . . . . . . . . . . . . . . . . . . . 4

        1.   There Is No General Personal Jurisdiction Treating This District As A State . . . . . . . . . . . . . . . . . . 5

        2.   There Is No Specific Personal Jurisdiction Treating This District As A State . . . . . . . . . . . . . . . 7

            a.   Purposeful Availment Or Direction . . . . . . . 7

            B.   The Reasonableness Requirement . . . . . . . . . 9
            (should be"b")
               i.   First Factor - Forum Interjection . . . . . 9
               ii.  Second Factor - Defendants' Burdens . . . 10
               iii. Third Factor - Sovereign Conflict . . . . 12
               iv.  Fourth Factor - This Forum's Interest . . 12
               v.   Fifth Factor - Efficiency . . . . . . . . 13
               vi.  Sixth Factor - Effective Relief . . . . . 14
               vii. Seventh Factor-Available Alternative Forum.14
               viii.Balancing The Factors . . . . . . . . . . 15

    B.   Section 1391(b)(2) Is Not A Proper Basis For Venue Because A "Substantial Part" Of Neither The "Events" Nor The "Property" Were Situated In This District . . . . . . . 15

    C.   Section 1391(b)(3) Is Not A Proper Basis For Venue Because It Is Only Applicable When No Other District Has Venue And Defendant Cannot Be "Found" In This District . . . . . . . . . . . . . . . . . . . . . . . 16

    D.   This Court Has Discretion To Dismiss Or Transfer This Action Due To Improper Venue Under 28 U.S.C. § 1406(a) . . . . . . . . . . . . . . . . . . . . . 17

III (BLANK)

IV. EVEN IF THE COURT DECIDES THAT THIS DISTRICT IS A PROPER VENUE, THIS COURT SHOULD TRANSFER THIS CASE TO THE CENTRAL DISTRICT OF CALIFORNIA UNDER § 1404(a) . . . . . . . . . . . . . . . . 17

V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 22

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action; my business address is 55 South Lake Avenue, Suite 720, Pasadena, California 91101.

On **October 8, 2007,** I caused to be served the foregoing described as **SUBMISSION OF CORRECTED TABLE OF CONTENTS RE DEFENDANT'S (OPENING) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE UNDER F.R.Civ.P. 12(b)(3) AND 28 U.S.C. §1406(a), OR TO TRANSFER UNDER 28 U.S.C. §1404(a)** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

D. Peter Harvey, Esq.
Raffi V. Zerounian, Esq.
HARVEY SISKIND LLP
4 Embarcadero Center, 39th Floor
San Francisco, Ca 94111

[X] (MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day, with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[] (PERSONAL SERVICE) I caused the above referenced document to be personally served by hand on at the addresses listed below.

[] (VIA FEDERAL EXPRESS) I caused such envelope to be delivered overnight to addresses listed above.

[] (FACSIMILE) I caused the attached document to be transmitted to the above listed addressee.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **October 8, 2007** at Pasadena, California.

/TA/
_____
Tina Amirkhanyan