United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| E & J Gallo Winery,<br><br>        Plaintiff,<br>   v.<br><br>Mira Enterprises, Inc.,<br><br>        Defendant.<br>_____/ | NO. C 07-02529 JW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE; GRANTING DEFENDANT'S MOTION FOR TRANSFER PURSUANT TO § 1404(a)** |

## I. INTRODUCTION

E & J Gallo Winery ("Plaintiff") brings this action against Mira Enterprises, Inc. ("Defendant") for trademark infringement and dilution pursuant to 15 U.S.C. §§ 1051 *et seq.* Presently before the Court is Defendant's Motion to Dismiss or Transfer Venue.[1] The Court conducted a hearing on October 22, 2007. Based on the papers submitted to date and the oral arguments at the hearing, the Court DENIES Defendant's Motion to Dismiss for Improper Venue and GRANTS Defendant's Motion to Transfer Venue to the Central District of California.

## II. BACKGROUND

In a Complaint filed on May 11, 2007, Plaintiff alleges as follows:

Plaintiff is a California corporation that produces and sells, *inter alia*, wine under the mark "Carlo Rossi." (Complaint, ¶¶ 5-10, Docket Item No. 1.) Plaintiff's principal place of

---
[1] (Defendant's Motion to Dismiss or Transfer for Improper Venue, hereafter, "Motion," Docket Item No. 6.)

business is in Modesto, which is in the Eastern District of California. (Id. ¶ 5.) Defendant is a California corporation that sells a variety of consumer products, including watches under the mark "Carlo Rossi." (Id. ¶ 10.) Defendant's principal place of business is in Los Angeles, which is in the Central District of California. (Id. ¶ 2.)

Defendant has used the trademark "Carlo Rossi" without authorization from Plaintiff in the promotion and sales of goods not produced or authorized by Plaintiff. Such unauthorized uses of the "Carlo Rossi" mark by Defendant create a likelihood of confusion with Plaintiff's "Carlo Rossi" marks and products and constitute an infringement of Plaintiff's trademark. (Complaint ¶ 10.)

On the basis of the allegations outlined above, Plaintiff alleges seven causes of action: 1) Federal Trademark Infringement; 2) Federal Trademark Dilution; 3) Violation of the California Celebrity Image Protection Act; 4) California Trademark Infringement; 5) California Trademark Dilution; 6) California Unfair Competition; and 7) Unjust Enrichment.

Presently before the Court is Defendant's Motion to Dismiss or Transfer for Improper Venue.

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a complaint may be dismissed if it is brought in an improper venue. The plaintiff bears the burden of showing that venue is proper in the chosen district. Koresko v. Realnetworks, Inc., 291 F. Supp. 2d 1157, 1160 (E.D. Cal. 2003); McCaskey v. Continental Airlines, Inc., 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001); American Homecare Fed'n v. Paragon Sci. Corp., 27 F. Supp. 2d 109, 112 (D.Conn. 1998).

Unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), the pleadings need not be accepted as true and the court may consider supplemental written materials and consider facts outside of the pleadings in deciding a Rule 12(b)(3) motion. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1337 (9th Cir. 2004); Walker v. Carnival Cruise Lines, 107 F. Supp. 2d 1135, 1137 n. 2 (N.D. Cal. 2000). If genuine contested factual issues are presented, the court is obligated to draw all reasonable inferences and resolve the factual conflicts in favor of the non-moving party.

Murphy, 362 F.3d at 1138-1140. Alternatively, the district court may hold a pre-trial evidentiary hearing on the disputed facts or may deny the motion with leave to re-file if further development of the record would eliminate any genuine factual issues. Id. at 1139.

Where venue is improper, the district court has the discretion to dismiss the case under Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction under 28 U.S.C. § 1406(a). See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992); District No. 1 Pacific Coast District v. Alaska, 682 F.2d 797, 799 (9th Cir. 1982); Citizens For A Better Environment v. Union Oil Co., 861 F. Supp. 889, 897 (N.D. Cal. 1994).

## IV.  DISCUSSION

Defendant moves to dismiss the Complaint on the ground that venue in the Northern District of California is improper or in the alternative, to transfer the action to the Central District of California either under 28 U.S.C. §§ 1404 or 1406.  (Motion at 2, 17.)

### A.     Motion to Dismiss for Improper Venue

Defendant contends that the Northern District is an improper venue because Defendant's contacts with the District have been minimal.

In a trademark infringement action, "the actionable wrong takes place both where infringing labels are affixed to the goods and where confusion of purchasers is likely to occur." Make Up For Ever, S.A. v. SQHO Forever, LLC, 198 F.R.D. 56, 61 (S.D.N.Y. 2000) (citation omitted); see also Sykes Lab., Inc. v. Kalvin, 610 F. Supp. 849, 860 n. 8 (C.D. Cal. 1985) (observing that trademark infringement occurs in the district "where the passing off occurs, i.e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's") (citation omitted).

In this case, Defendant has made three sales in the Northern District for Carlo Rossi watches totaling $962.75 since July 1, 2003. (Declaration of Sunil Lalwani in Support of Defendant's Motion to Dismiss ¶¶ 14, 17, hereafter, "Lalwani Decl.," Docket Item No. 13.) While it may be true that the bulk of Defendant's sales are in the Central District of California and its sales in this district appear to be relatively modest, neither of these facts eliminate the possibility that some potential

3

purchasers of Plaintiff's wine who reside in this district may be confused by Defendant's use of the "Carlo Rossi" mark. See Radical Prods., Inc. v. Sundays Distrib., 821 F. Supp. 648, 649-50 (W.D. Wash. 1992). Thus, Defendant's three sales in the Northern District are sufficient to establish that this jurisdiction is a proper venue for the adjudication of Plaintiff's claim.

Accordingly, the Court DENIES Defendant's motion to dismiss for improper venue.

**B.**  **Motion to Transfer Pursuant to § 1404(a)**

The Court proceeds to consider Defendant's motion to transfer under § 1404(a).

Under 28 U.S.C. § 1404(a), a district court may transfer a case pending before it to "any other district or division where it might have been brought." A plaintiff's choice of forum, however, is accorded substantial weight, and a court will not grant a motion under 1404(a) unless the defendant makes a strong showing of inconvenience. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The decision whether to grant a motion under § 1404(a) turns on the facts of the particular case. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). Factors to be weighed in deciding such a motion include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contact relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state. Id. at 498-99.

In this case, Plaintiff has chosen the Northern District based on geographical proximity to its principal place of business in Modesto, California.[2] Plaintiff is a well established winery in

---

[2] (Declaration of Paul W. Reidl in support of Plaintiff's Opposition to Defendant's Motion to Dismiss or Transfer For Improper Venue ¶ 13, Docket Item No. 17.)

4

California, with more than 4,600 employees world wide.[3] Plaintiff's sales reach all over the state of California. In contrast, Defendant is a small company of 12 employees. (Lalwani Decl. ¶ 3.) The allegedly infringing products sold by Defendant are easily accessible from Defendant's warehouse in Los Angeles. Defendant's witnesses all reside in Los Angeles. Though the Court may compel their attendance at trial in the Northern District pursuant to Federal Rule of Civil Procedure 45(c)(3)(ii), Defendant contends that its witnesses are its business partners (local retailers) and that compelling them to travel more than 700 miles round trip would destroy their business relationship. (Lalwani Decl. ¶ 23.)   On the other hand, Plaintiff offers no non-party witnesses who would be inconvenienced by a transfer.

On balance, the Court finds that the Jones factors weigh strongly in favor of transfer to the Central District. The Court grants Defendant's motion to transfer venue.

## V. CONCLUSION

The Court DENIES Defendant's Motion to Dismiss for Improper Venue and GRANTS Defendant's Motion to Transfer Pursuant to § 1404(a).

The Clerk shall transfer this case to the Central District of California. The Clerk shall close this file.

Dated: November 9, 2007

JAMES WARE
United States District Judge

---

[3] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of information contained on Plaintiff's website. (Plaintiff's website, http://jobs.gallo.com/whoweare/profile.asp (last visited Oct. 11, 2007).)

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

D. Peter Harvey pharvey@harveysiskind.com
Gary Kip Edwards kedwards@ltol.com
Raffi Vaheh Zerounian rzerounian@harveysiskind.com
Surjit Paul Singh Soni surj@sonilaw.com

**Dated: November 9, 2007**              **Richard W. Wieking, Clerk**

                                                    **By:   /s/ JW Chambers**
                                                        **Elizabeth Garcia**
                                                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California